DOEBLER *v.* ROGGE.

RELEASE—COVENANTS—RELEASE FROM BREACH OF COVENANT WITH-
OUT CONSIDERATION VOID.

Where grantor in a warranty deed was without title
when he executed the deed, and grantees later were com-
pelled to pay to certain heirs $2,500 and execute a release
of grantor from liability under his covenants of warranty
in order to obtain a good title, said release was void for
want of consideration, and was not a bar to their recovery
in an action on the breach of covenant. CLARK and
SHARPE, JJ., dissenting.

Error to Wayne; Moynihan (Joseph A.), J. Sub-
mitted October 10, 1922. (Docket No. 60.) Decided
December 29, 1922. Rehearing denied March 23,
1923.

Assumpsit by Charles Doebler and another against
Gustave Rogge for breach of warranty in a deed.
Judgment for defendant. Plaintiffs bring error. Re-
versed.

*Joseph A. Bloom* (*Edward B. Benscoe,* of counsel),
for appellants.

*Thomas L. Dalton* and *Frederick P. Hempel,* for ap-
pellee.

McDONALD, J. This is an action for breach of the
covenants of a warranty deed executed in 1912 by
the defendant, Gustave Rogge, to the plaintiffs. It is
undisputed that at the time of the conveyance the de-
fendant did not own the premises; that they were
previously owned by his wife, Wilhelmina Rogge, and
that she died prior to the giving of the deed. Upon
her death the title vested in her children, who were

also the children of defendant, Gustave Rogge. The plaintiffs built a residence on the premises, and on the 1st day of June, 1920, sold out to Gustave Trush-kowski and wife. At the time of this sale an examination of the abstract disclosed the defect in the title, and notice at once was given the defendant. He sought to secure quitclaim deeds from the heirs, but they refused to execute any conveyances unless they were paid the sum of $3,000 by the plaintiffs. After considerable negotiations they agreed to accept $2,500, but before turning over the deeds insisted that their father be released from all liability in connection with the transaction. For this purpose a release was prepared and signed by one of the plaintiffs, Charles Doebler. The purpose of this suit is to recover the money paid to the heirs to secure the outstanding titles. To the declaration filed, the defendant pleaded the general issue with a notice of the written release. The case was tried by the court without a jury and findings of fact and conclusions of law were made and filed. Holding that the release was a complete bar to the plaintiffs' right of recovery, the circuit judge entered a judgment of no cause of action. From this judgment the plaintiffs appeal.

The important question presented by this record is as to the validity of the release. It is conceded that the grantor had no title at the time of the execution and delivery of the deed, that the title was in his children as heirs of his deceased wife, and that the plaintiffs were compelled to purchase this outstanding title for $2,500. These undisputed facts would entitle them to their damages unless the release be considered a bar to their recovery. The claim of the plaintiffs that it was secured through fraud and executed under duress is not sustained by the evidence. The objection that it was without consideration presents a more serious question. The consideration recited in the release is as follows:

"The consideration for which this release is given is the securing by Gustave Rogge, of a good and valid conveyance of the said above described premises, by the heirs of Wilhelmina Rogge, deceased."

As an additional consideration the defendant was allowed to show by parol evidence that Mr. Rogge was instrumental in securing a reduction of $500 in the amount which plaintiffs were compelled to pay the heirs. There is no evidence of any agreement or understanding that plaintiffs were to release defendant from liability for such service. All negotiations for the purchase of outstanding titles were carried on by the attorney representing the heirs, and the attorney for the plaintiffs. Both were witnesses on the trial, and we must look to their testimony for the material facts on the question under consideration. Neither of them testified to any agreement as to the release other than that incorporated in the instrument. The attorney for the plaintiffs denied any knowledge of the release until it was presented at the time of the final settlement. The attorney for the heirs testified:

"There was an understanding between Mr. Bloom and I as to the release. He saw the release, I submitted it to him, and that was part of the transaction, this release. There would be no deeds signed unless that release was given."

The release referred to is the one in question. It is in writing. It was made after many conferences by the attorneys alone, and it is fair to assume that it contains all of the agreements of the parties. It recites the services which defendant Rogge was to render in consideration for the promise of the plaintiffs to release him from liability. He was to secure deeds from the heirs. From his own testimony, it is not certain that he had anything to do with securing the deeds, but if he did he was only doing what he was legally bound to do. He had by warranty deed conveyed property to which he had no title, and

was legally liable for the damages which his grantees had suffered. Securing deeds for which plaintiffs were compelled to pay, and which it was his duty to furnish without expense to them, can hardly constitute a consideration for his release. The plaintiffs received no benefits; they had already a legal right to a good title. The defendant suffered no detriment in doing that which already he was legally obliged to do. He paid nothing, gave up no advantage or thing of value, but received a benefit at the expense of the plaintiffs, who were compelled to pay $2,500 for a title which he had agreed to furnish and defend. While it is not necessary that he should have paid anything in money, it is necessary that he should have done something in addition to that which he was legally bound to do.

"The detriment which will constitute a consideration for a promise need not be an actual loss to the promisee. It is sufficient that he does something that he is not legally bound to do. * * * The rendition of services by one who is not legally bound to render them is a sufficient consideration." 6 R. C. L. pp. 656, 657.

It is too well settled to require the citation of authorities that doing what one is legally bound to do is not a consideration for a new promise.

The circuit judge in his findings made no reference to the question of the sufficiency of the consideration. He based his conclusion of law as to the validity of the release on the fact that the plaintiffs voluntarily and freely executed it with a full knowledge of the facts and its legal effect. On the undisputed evidence, the plaintiffs were entitled to a finding that the release was without consideration and was not a bar to their recovery.

The judgment of the circuit judge is reversed and a new trial granted. Plaintiffs will have costs.

FELLOWS, C. J., and WIEST, BIRD, and STEERE, JJ.,
concurred with McDONALD, J.

CLARK, J. The holding of the trial court that the
release was a bar to recovery here is right. The judg-
ment should be affirmed.

SHARPE, J., concurred with CLARK, J. MOORE, J.,
did not sit.