GEORGE B. HERDER et al., Appellants, *v.* CLIFTON C. CLIFFORD, Respondent.

142

(Argued October 21, 1929; decided November 19, 1929.)

*Michael J. Larkin, Ward J. Cagwin* and *Leland N. Wood* for appellant. No accord and satisfaction was established. (*Reilly* v. *Barrett*, 220 N. Y. 170; *Larcy* v. *Hogan & Sons*, 239 N. Y. 298; *Kromer* v. *Heim*, 75 N. Y. 574; *Jacobs* v. *Day*, 5 Misc. Rep. 410; *Habgood* v. *Van Dyke T. & T., Inc.*, 128 Misc. Rep. 884; *Beran* v. *Tradesmen's Nat. Bank*, 137 N. Y. 450; *Randell* v. *Vanderbilt*, 75 App. Div. 313; *John* v. *Coe-Stapley Mfg. Co., Inc.*, 201 App. Div. 704; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58.) No estoppel or bar was established. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Shaw* v. *Broadbent*, 129 N. Y. 114; *Converse* v. *Sickles*, 146 N. Y. 200; *Brown* v. *Cleveland Trust Co.*, 233 N. Y. 399; *Webb* v. *Buckelew*, 82 N. Y. 555; *Bell* v. *Merrifield*, 109 N. Y. 202; *Johnson* v. *Antonopoulos*, 213 App. Div. 324; *U. S. Fire Ins. Co.* v. *Adirondack L. & P. Corp.*, 206 App. Div. 584; *Peoples Gas & Electric Co.* v. *City of Oswego*, 207 App. Div. 134; *Fish* v. *Vanderlip*, 218 N. Y. 29; *Riggs* v. *Purcell*, 74 N. Y. 370;

*West* v. *Imbrie,* 127 Misc. Rep. 624; *Loeb* v. *Willis,* 100 N. Y. 231.)

*Timothy Curtin* for respondent. The offer made by the respondent to settle the case, accepted by the town by the resolution adopted by the town board, the stipulation signed by the attorneys of record as directed by the resolution, and the order of settlement and discontinuance entered therein, constitute a valid agreement of settlement, and shows that it was the mutual intention of the parties to settle and conclude the litigation for all time. (*Grossman* v. *Schenker,* 206 N. Y. 466; 1 Williston on Contracts, §§ 23, 63, 64; *Minehan* v. *Hill,* 144 App. Div. 854; *Yonkers Fur Dress Co.* v. *Royal Ins. Co.,* 247 N. Y. 435; *Schnell* v. *Perlman,* 238 N. Y. 362; *Moers* v. *Moers,* 229 N. Y. 294; *Allison* v. *Abendroth,* 108 N. Y. 470; *Wahl* v. *Barnum,* 116 N. Y. 87; *Pahlem* v. *Starr,* 7 Hun, 422; *Cox* v. *N. Y. C. & H. R. R. R. Co.,* 63 N. Y. 414; *Diamond Soda Water Co.* v. *Hegeman & Co.,* 74 App. Div. 430.) The town through its board decided that a settlement was for the interest of the town, and in the absence of fraud is final and conclusive unless it transcends its powers. The court must assume that legislative discretion has been properly exercised. (*Mc-Cabe* v. *City of New York,* 213 N. Y. 468; *Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45; *Matter of Public Serv. Comm.,* 217 N. Y. 61; *Bacon* v. *Miller,* 247 N. Y. 311.) The rule as to an accord and satisfaction does not apply. (*Nassoiy* v. *Tomlinson,* 148 N. Y. 326; *Schnell* v. *Perlman,* 238 N. Y. 362; *Sears* v. *Grand Lodge, A. O. U. W.,* 163 N. Y. 379; *Post* v. *Thomas,* 212 N. Y. 264; *Simons* v. *Amer. Legion of Honor,* 178 N. Y. 263; *Stono* v. *Wellar,* 128 N. Y. 655; *People ex rel. McDonough* v. *Bd. of Managers,* 96 N. Y. 640; *Bandman* v. *Finn,* 185 N. Y. 508; *Larkin* v. *Hardenbrook,* 90 N. Y. 333; *Reilly* v. *Barrett,* 220 N. Y. 173.)

LEHMAN, J. The plaintiffs, as taxpayers in the town of Vienna, Oneida county, have brought an action to compel the defendant to account for and restore to the town of Vienna moneys which, they allege, he wrongfully withdrew from the town funds by false certificates and payrolls, submitted to the supervisor of the town while the defendant was acting as superintendent of highways of the town. The defendant in his answer, in addition to a complete denial of the allegations of the complaint, has alleged, as an affirmative defense, that the taxpayers' action is barred by the settlement and discontinuance of a previous action brought by the town against this defendant because of the same alleged wrong. Copies of a stipulation signed by the attorneys in the action brought by the town which provides that the action " be and the same is hereby settled and discontinued without costs to either party," a resolution of the town board authorizing the attorneys for the town to sign and procure such a stipulation, and an order of the court entered thereafter upon the stipulation, are annexed to the complaint. At the opening of the trial, before any evidence was received to sustain the allegations of the complaint, upon proof by the defendant and admissions by the plaintiff of the allegations of the affirmative defense, the defense was sustained and the complaint dismissed.

The General Municipal Law (Cons. Laws, ch. 24), section 51, authorizes taxpayers of the town to bring actions against officers of the town to " restore and make good, any property, funds or estate " of said town. The effect of the legislation is to enable the taxpayers to accomplish " by action not more than the proper municipal authorities can at all times accomplish, but such results as the municipal authorities can and should, but, because of carelessness or wilful purpose, will not." (*Weston* v. *City of Syracuse*, 158 N. Y. 274.) The Town Law (Cons. Laws, ch. 62), section 11, authorizes actions in the name of the town to enforce any liability created

or duty enjoined upon any of its officers or to recover damages for injury to the property of the town. Doubtless the town board might direct the bringing of an action to compel restitution of town moneys wrongfully withdrawn by an officer. Upon this appeal we assume, without further consideration, that the town board might also compromise any such claim and receive in settlement and satisfaction less than the town might recover by judgment if an action brought in its name were in all respects successful. After the town board has received satisfaction of the claim of the town, it must be plain that a taxpayer cannot bring an action and obtain a judgment in behalf of the town upon the claim which has been settled and satisfied in good faith. The plea and proof in this case is, however, entirely insufficient to show a settlement and satisfaction of the *claim* of the town against the officer who, it is alleged, has been dishonest. The defendant might have insisted that if the town chose to discontinue the action it must pay costs. The town might be unwilling to discontinue the action if the defendant chose to insist on payment of costs to him as a condition of discontinuance. Both desired that the action should proceed no further. The town agreed to discontinue the action, the defendant agreed to waive costs upon such discontinuance. By that agreement the action was settled, and upon entry of the order of discontinuance the action was forever at an end, but there had been no adjudication upon the merits of the cause of action, and the defendant had not agreed to pay, and the town had not agreed to receive, anything in settlement of the claim.

Though we have assumed that town officers, authorized to bring an action to enforce an obligation due to the town, are impliedly authorized also to compromise or settle such obligations, yet certainly, they may not voluntarily cancel, without consideration, obligations due

to the town. The statutory right of taxpayers to bring actions to enforce such obligations where the town officers fail to do so might be of little avail if an agreement made by the town officers with the person subject to the obligation, that an action previously brought by the town officers might be discontinued without costs to either party, constitutes a discharge and satisfaction of the cause of action. Even payment by the defendant of the costs of the action would ordinarily be consideration only for the abandonment of the action brought. It would not constitute a payment to be applied by agreement upon the claim of the town. (*Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628.) The resolution of the town board authorizing a " discontinuance and settlement " of the action and the stipulation made in accordance with that resolution show no agreement upon any point in dispute. Only the action previously brought here was to be ended. There was no discharge or satisfaction of the claim itself, though it may well be that the defendant believed he would not be harassed thereafter by other litigation to enforce it.

An agreement to " settle and discontinue " an action without costs to either party may hardly lay the basis for a serious claim that it constitutes an accord and satisfaction of the cause of action itself. It is only fair to point out that the answer in this case does not allege in terms that there has been a technical accord and satisfaction or that the cause of action has been released or discharged. It alleges that the plaintiffs should be " estopped from prosecuting the action." At common law an open voluntary renunciation in court by a party of his claim constituted a retraxit; and " by this he forever loses his action." (3 Blackstone's Commentaries, 296.) In effect, the courts below in sustaining the defense pleaded have held, not that the cause of action has been discharged by an accord and satisfaction, but only that a discontinuance of the action entered upon such a stipula-

tion duly authorized by the parties constitutes a bar to the action.

A voluntary discontinuance, of course, does not itself bar the bringing of a new action. " In some of the earlier cases, a *nolle prosequi* was considered in the nature of a retraxit, operating as a release or discharge of the action, and an absolute bar to any future action for the same cause. (citing cases). But, in later cases, this doctrine is negatived, and a *nolle prosequi* is held not to be in the nature of a retraxit or release, or a bar to a future action." (*Barrett* v. *Third Avenue R. R. Co., supra.*) Doubtless a discontinuance entered pursuant to a compromise or settlement of the controversy itself may at times constitute a discharge of the cause of action itself. (Freeman on Judgments, vol. 2, § 758.) It may indeed be the satisfaction contemplated in a previous accord. We are not now called upon to decide how far recitals that the cause of action has been compromised and settled or discharged, contained in an order of discontinuance entered on consent, may be conclusive upon the parties. At least such recitals are not conclusive unless on their face they clearly show an agreement to settle the controversy and not merely to terminate the action. (*Haldeman* v. *United States*, 91 U. S. 584.)

For these reasons the judgment should be reversed and a new trial granted, with costs to abide the event.

Cardozo, Ch. J., Pound, Crane, Kellogg, O'Brien and Hubbs, JJ., concur.

Judgment reversed, etc.