GASTON & COMPANY, INC., Appellant, *v.* ALFRED STORCH, Respondent, Impleaded with Another.

(Submitted January 10, 1930; decided February 11, 1930.)

*Leon N. Futter* for appellant. The judgment is erroneous because undisputed facts, as well as the respondent's own testimony, pleadings and affidavits and the light of the conduct of both sides preclude the invocation of a theoretical doctrine of accord and satisfaction. (*Douglass v. Scott,* 130 App. Div. 322; *Eames Vacuum Brake Co. v. Prosser,* 157 N. Y. 289; *Moers v. Moers,* 229 N. Y. 300.)

*Moses Katcher* and *Lewis Landes* for respondent.

CARDOZO, Ch. J. The complaint is for conversion; the defense accord and satisfaction.

Rubber of the value of $14,000 and upwards was stolen by the defendant and others acting in combination. One of the thieves was convicted of larceny through testimony supplied by Storch, the defendant now before us, who was a witness for the State. Later, the plaintiff corporation, the owner of the rubber, brought an action for damages against the thieves other than the defendant, expecting that he would co-operate again by appearing as a witness. Upon his refusal to testify, he was served with a summons and called upon to defend a suit for damages himself.

The service of the summons was followed by a treaty for a settlement, the parties acting by attorneys. The testimony for the plaintiff is that $650 was to be accepted in settlement of the action upon the understanding that if Storch failed to co-operate in the suit against the others,

the cause of action should revive as if nothing had been paid. The attorney for Storch has not denied the understanding, though he was a witness for his client upon the trial under review. The promised payment was made, the action was discontinued, and a release delivered. The release by its terms was subject to a condition subsequent. It was to be null and void if Storch failed to co-operate in the other litigation, and failed to appear voluntarily and testify when requested so to do. The release with this condition was accepted by the attorney and at once transmitted to the client.

The other lawsuit came on for trial, but Storch did not co-operate. Knowing that the case was on the calendar and that his presence as a witness was desired, he willfully refrained from appearing; and later tried to justify his absence by the false pretense that he was away in Massachusetts when requested to attend. Plaintiff had judgment by default against one of the conspirators, but without the aid of Storch could not prevail against the other.

This action for conversion followed. It ignores the earlier settlement, and proceeds upon the theory that by force of the breach of the condition, the cause of action has revived. The trial judge found that Storch combined with others in the conversion of the rubber. He found that there had been a breach of the condition of the release, in that Storch willfully disappeared when required to attend. Judgment went for the defendant, none the less, upon the ground that there had been an accord and satisfaction by force of the acceptance of a check. This check, $650 in amount, was drawn by the defendant's attorney to the order of the attorneys for the plaintiff, and was collected by their bank the day before the signing and delivery of the release. Upon the back of the check, above the signature of the payees, there had been written the words: " Full sett. [settlement] *Gaston & Co.* v. *Alfred Storch.*" The trial judge held that the effect of these words was to extinguish *eo instanti* the cause of action for

conversion irrespective of the earlier understanding or the subsequent release.

We think the significance of the indorsement is exaggerated when it is given this finality. True, indeed, it is that a payment tendered in settlement of a disputed or unliquidated claim must be accepted upon the terms accompanying the tender, or rejected altogether (*Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; 3 Williston on Contracts, § 1856). This does not mean that the significance of the tender is unaffected by what goes before and after. The setting of the occasion may characterize a memorandum on a check as an offer by the maker to enter into a contract on the conditions there imposed (*Fuller* v. *Kemp*, *Nassoiy* v. *Tomlinson, supra*). The setting of the occasion may characterize another memorandum, similar in terms, as nothing more than a receipt, to be supplemented by parol ( *Komp* v. *Raymond,* 175 N. Y. 102; cf. *Lovekin* v. *Fairbanks, Morse & Co.*, 282 Penn. St. 100, 103).

In the case at hand the check, when transmitted to the plaintiff, was not accompanied by any notice that it was the purpose of the maker to submit a new offer at variance with the old one which the plaintiff had accepted. The purpose, so far as indicated, was not rescission, but performance. In the setting of the occasion, the check was the fulfillment of an existing understanding, and was to be interpreted accordingly. The words indorsed upon it, read as the plaintiff might be expected to read them, did not reverse that understanding, and substitute another. There was need of other notice, more distinct and unequivocal, to work that transformation. We have had occasion in other cases to point out the ambiguity that inheres in a phrase so loose and popular, so little a term of art, as the " settlement " of a lawsuit (*Walsh* v. *N. Y. C. & H. R. R. Co.*, 204 N. Y. 58, 64; *Herder* v. *Clifford*, 252 N. Y. 141, 146). " It is a term which is loosely and indiscriminately used to describe all sorts of

compromises as well as technical discharges and releases. In most cases its accurate meaning and legal effect can only be determined in view of the particular transaction to which it is applied " (WERNER, J., in *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, *supra*). So in the case at hand. Settled the action was, but the cause of action might revive, and another action follow, if the defendant should commit a breach of a collateral agreement (cf. Williston, *supra*, p. 3181).

We think the plaintiff might well assume in accepting such a check that the inconspicuous indorsement, if noticed at all, was intended merely as a receipt for the only payment promised, the payment that was received as the price of discontinuance (*Komp* v. *Raymond*, *supra; Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289, 300). Nothing in the occasion gave notice that it was meant for more.

A different situation would be here if the preliminary agreement were contradicted or uncertain. The court might then accept the indorsement as discrediting the plaintiff and corroborating the defendant. But uncertainty or contradiction there is none upon this record. The attorney for the defendant did not venture a denial of the understanding as stated by his adversary, though the opportunity was ample. The release, delivered the next day, and retained without objection, is significant as an admission that denial was impossible.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.