## PUETT *v.* WALKER.

1. ACCORD AND SATISFACTION—CONSIDERATION.

   An accord and satisfaction, being a contract, must be supported by a good or valuable consideration in order to be given effect.

2. CONTRACTS—CONSIDERATION.

   The doing of what one is legally bound to do is not a consideration for a new promise.

3. ACCORD AND SATISFACTION—CONSIDERATION—BEES.

   Defendant who forwarded plaintiff part of the amount he admitted owing at end of joint adventure in beekeeping operations for a season, did not thereby effect an accord and satisfaction, since there was no consideration therefor.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur, Accord and Satisfaction § 37.

[2–4] 12 Am Jur, Contracts § 88

[3, 4] 1 Am Jur, Accord and Satisfaction §§ 39, 53; 12 Am Jur, Contracts § 89.

[3, 4] Rule that promise by creditor to accept, or acceptance of, less than amount due on a liquidated indebtedness in discharge of the whole is not binding upon creditor as regards unpaid amount. 119 ALR 1123.

Payment of undisputed amount or liability as consideration for discharge of disputed amount or liability. 112 ALR 1219.

[4, 7–9] 40 Am Jur, Payment §§ 72, 79, 85, 86.

[4, 7–9] Acceptance of remittance by check purporting to be "in full" or accompanied by indications of debtor's intention that it be so regarded. 34 ALR 1035; 75 ALR 905.

Trade acceptance or unsecured note or bill of debtor as accord and satisfaction. 62 ALR 751.

Creditor's retention of check without cashing or negotiating it as acceptance in settlement or payment of an unliquidated or disputed claim. 13 ALR2d 736.

[5–9] 1 Am Jur, Accord and Satisfaction §§ 67, 69.

[5–9] Failure to perform act required by new agreement as affecting character thereof as accord and satisfaction. 10 ALR 222; 14 ALR 230.

4. PAYMENT—PARTIAL PAYMENT.

    The retention and use of a check accompanied by a letter stating that it is in full of a certain account does not preclude action for a balance in fact due.

5. ACCORD AND SATISFACTION—PART PERFORMANCE.

    The part performance of an accord is not an accord and satisfaction.

6. PAYMENT—ACCORD AND SATISFACTION—MEETING OF THE MINDS.

    To work an accord and satisfaction, the tender or payment as being in full should be made in unequivocal terms, so that the creditor in accepting the conditional payment will surely do so understandingly and thereby effect a meeting of the minds.

7. ACCORD AND SATISFACTION — CIRCUMSTANCES OF ACCEPTING A CHECK.

    An accord and satisfaction results from the taking of a check by the creditor only where such taking would be tortious except on the assumption of a taking in full satisfaction.

8. SAME—ACCEPTANCE OF CHECK.

    Acceptance and retention of defendant's check for amount he admitted owing plaintiff as the result of a season's operation of a beekeeping venture did not effect an accord and satisfaction between the parties, where neither the accompanying letter nor the check clearly indicated that its acceptance would be on condition that it was to be a final settlement between the parties rather than merely in payment of what defendant was willing to admit he owed plaintiff.

9. ACCOUNTING—CONDITION PRECEDENT—ACCORD AND SATISFACTION.

    The return of a check or its proceeds by plaintiff to defendant was not a prerequisite to the bringing of a suit for accounting between the parties, where defendant failed to establish that an accord and satisfaction had been effected by receipt and retention of the check.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 12, 1951. (Docket No. 35, Calendar No. 45,156.) Decided January 7, 1952.

Bill by Garnett G. Puett, doing business as the Puett Company, against Joe E. Walker, doing business as Walker & Sons, for an accounting. Decree for plaintiff. Defendant appeals. Affirmed.

*Keeling, Bogue & Huthwaite* (*Edwin G. Barham,* of counsel), for plaintiff.

*Sweetman G. Smith,* for defendant.

North, C. J.  In this suit in equity plaintiff sought a decree based on an accounting between him and defendant incident to a joint adventure in which the parties had been engaged, and in which they were to share net profits equally.  The defense urged was that an alleged "final accounting" mailed by defendant to plaintiff, accompanied by defendant's check for an amount shown due plaintiff by such "final accounting," which check for $296.61 was indorsed by plaintiff and cashed, constituted an accord and satisfaction of the transactions between these parties; and further since prior to bringing his suit plaintiff did not return the check or its equivalent or tender return thereof to defendant, plaintiff could not maintain this action.  The hearing, involving an accounting, resulted in its being decreed that defendant pay plaintiff $3,633.70 and return to plaintiff designated personal property of the value of $1,690.50.  Defendant has appealed.

Plaintiff, a resident of the State of Georgia, for a number of years had been in the business of raising, selling and supplying Italian bees and bee-keeper supplies.  Defendant, a resident of Oakland county, Michigan, was in the business of caring for bees and marketing the honey and wax produced. In the spring of 1947 plaintiff had on hand a large quantity of bees, and about that time realized that the possibility of selling these bees was becoming increasingly less.  On or about May 1, 1947, plaintiff and defendant entered into negotiations, and, pursuant to a verbal agreement then made, plaintiff alleges he shipped to defendant "approximately 1,200 packages of bees" and also sent 2 men to de-

fendant's place of business at Milford, Michigan, "to operate and care for said bees during the honey-producing season of 1947." It is also alleged by plaintiff that defendant stated to plaintiff that he (defendant) had the equipment necessary to operate approximately 1,000 colonies of bees. Plaintiff in his amended bill of complaint further alleges that he also shipped to defendant 182 hive bodies with frames and foundations valued at $820, and 620 drawn combs valued at $180, "which equipment was to remain the property of the plaintiff;" but defendant claims that he paid for these items and they thereupon became his property. The trial judge found that the noted items were furnished by appellee to appellant, and in 1948 appellee shipped to appellant 1,774 swarms of bees of the alleged value of $8,503 and paid shipping charges of $728.51.

On this appeal appellant does not challenge the amount or items for which an accounting was decreed in the circuit court; but instead he presents only the 2 questions about to be considered:

"1. Did the submission of a final account by the defendant and appellant to the plaintiff and appellee, on November 16, 1948, accompanied by plaintiff (defendant) and appellant's check for $296.61, constitute such an accord and satisfaction as to bar plaintiff and appellee's right to recover in this action?

"2. Having accepted defendant and appellant's check in settlement could the plaintiff and appellee maintain this action in the absence of return to defendant and appellant of the amount of said check and of a rescission of said accord and satisfaction?"

Appellant asserts the circuit judge erroneously concluded that the first of these questions should be answered negatively and the second affirmatively. Each is aimed at the same result, a decree dismissing plaintiff's bill of complaint. In appellant's

brief they are treated, and properly so, as though the second issue presented was germane to the first.

Briefly the factual background, in addition to that above noted, may be stated as follows: The 1947 transactions incident to this joint adventure are not materially involved in this appeal. The business netted little or no profit in 1947. But the season of 1948 was more favorable, and appellee asserts:

"There was a substantial crop of honey produced in the summer of 1948, amounting to approximately $13,900 worth of comb honey; 975 sixty lb. cans of strained honey and 1,520 lbs. of beeswax. The strained honey was divided equally between the parties at the time it was harvested."

The instant controversy at least in part arises from appellee's contention that appellant did not account for ½ of the beeswax, that he failed to return to appellee certain specified personal property of the value of $1,690.50, and further that appellant wrongfully seeks to charge appellee with ½ of all expenses incident to the 1948 business. In a letter from appellant to appellee dated November 16, 1948, appellant embodied an itemization of what he claimed were the respective debit and credit items of the account between the parties. The result as asserted by appellant was that he was indebted to appellee for $296.61. It was appellant's check for that amount which was indorsed by appellee and the proceeds retained by him. This letter of November 16, 1948, began with the following words: "The enclosed is our final accounting;" and immediately following the numerous items of debit and credit, which as contained in the letter resulted in an apparent indebtedness of defendant to plaintiff of $296.61, appellant wrote: "I am enclosing my check for $296.61 which completes the business."

Appellant relies upon the 2 quoted statements in his letter of November 16th in asserting that appellee's receipt of the statement embodied therein, accompanied by the check for $296.61 which appellee indorsed and retained the proceeds, constituted the accord and satisfaction, in consequence of which appellee's suit should be barred. And in any event, it is appellant's contention that since appellee accepted and retained the proceeds of the check, and has not at any time tendered return of the same to appellant, appellee's present action should be held to be barred.

Appellee in denying there was an accord and satisfaction and in asserting his right to maintain this suit urges various reasons, among which are the following:

"(1) Doing only what the defendant was legally bound to do affords no consideration for accord and satisfaction; (2) Part performance of an accord is not accord and satisfaction; (3) There cannot be an accord and satisfaction without a meeting of the minds of the parties."

As to (1), it is apparent that in forwarding his check for $296.61 appellant did no more than what he admitted he was legally bound to do. In fact, he did only a portion of that which he was legally bound to do, as we are about to note herein.

"An accord and satisfaction, being a contract, must be supported by a good or valuable consideration in order to be given effect." 1 Am Jur, Accord and Satisfaction, § 37, p 235.

"It is too well settled to require the citation of authorities that doing what one is legally bound to do is not a consideration for a new promise." *Doebler* v. *Rogge,* 221 Mich 508.

As to (2) above, the record discloses that appellant in his letter of November 16th, wrote: "I will

forward you the wax credit of 1,500 lbs. as soon as
2 things you agreed to do this past summer are
done." It appears from the record that while appel-
lant admits his obligation to do so, he has never
accounted to appellee relative to the 1,500 pounds
of wax. So, it quite conclusively appears that ap-
pellant tendered only a partial settlement of mat-
ters in controversy. The situation in its legal aspect
is quite the same as though appellant had admitted
an indebtedness of $500, but offered to pay presently
only $250. We are not in accord with appellant's
somewhat naive reason assigned in his brief for his
refusal to make full adjustment or settlement, if he
intended to accomplish an accord and satisfaction.
His reason as stated in his brief is:

"Mr. Walker told Mr. Puett that if he, Mr. Puett,
would conclude the business in Nebraska he could
have the beeswax in Grand Rapids. All of this had
nothing to do with the case at bar *except that plain-
tiff and appellee claimed the beeswax.* There would
seem to be no reason, in principle, why a certain
item owing to a creditor could not be reserved from
an accord and satisfaction tendered by a debtor.
\* \* \* That the matter of the beeswax was re-
served gives to the plaintiff and appellee the right
to sue and recover for such if the condition annexed
to the delivery of same (the completion of the Ne-
braska business) was not justified by the facts. Mr.
Walker conceded, here, that this beeswax belonged
to Mr. Puett, but, whether rightfully or wrongfully,
annexed a condition to its delivery to Mr. Puett.
If such condition was wrongfully annexed then Mr.
Puett's remedy is clear, he can bring his action at
law for the value thereof."

"The retention and use of a check accompanied by
a letter stating that it is in full of a certain account
does not preclude action for a balance in fact due."
*Goldsmith* v. *Lichtenberg* (syllabus), 139 Mich 163.

As to (3), which alone we think states a sufficient reason for affirming the circuit judge's decision, it is apparent from this record that there never has been a meeting of minds between these litigants which resulted in an accord and satisfaction.

"To work an accord and satisfaction the tender of payment as being *in full* should be made in unequivocal terms, so. that the creditor in accepting the conditional payment will surely do so understandingly." *Durkin* v. *Everhot Heater Co.*, 266 Mich 508, 513.

"When the assent of the creditor is sought to be inferred from the acceptance of a less sum than that claimed to be due, the fact that such amount is offered in full discharge of the whole claim must have been communicated to the creditor in some unmistakable manner. Consequently, where a check is tendered, even though it accompanies an account, if there is no expression of the condition that it must be accepted in full payment, the acceptance of the check does not constitute an accord and satisfaction, as no agreement to that effect can be implied from the transaction. So too, the mere payment by a debtor of an amount denominated 'a balance' upon an account rendered by him and its retention by the creditor do not constitute an accord and satisfaction. (Citing authorities.)" 1 Am Jur, Accord and Satisfaction, § 22, pp 223, 224.

" 'The debtor must make it clear   *   *   *   that it (the sum tendered) is taken in full payment' (3 Williston on Contracts, § 1856, p 3181; *Gaston & Co.* v. *Storch,* 253 NY 68 [170 NE 496]; *Rose* v. *American Paper Co.,* 83 NJL 707 [85 A 354]). An accord and satisfaction results only where the act of the creditor in 'taking the check would be tortious except on the assumption of a taking in full satisfaction.' (Citing authorities.)" *Hudson* v. *Yonkers Fruit Co.,* 258 NY 168, 174 (179 NE 373, 80 ALR 1052).

In denying the asserted defense of an accord and satisfaction, we have said:

"If defendant honestly sought an accord and satisfaction it could have and should have plainly advised plaintiff that acceptance of the $375 must be upon the express condition that it satisfied any claim for breach of the employment contract which plaintiff might otherwise assert." *Durkin* v. *Everhot Heater Co., supra.*

While appellant at the beginning of his letter to appellee said: "The enclosed is our final accounting," it was not until practically at the close of his long letter, with the intervening itemization of the account which occupies more than 4 pages of the printed record, that he said: "I am enclosing my check for $296.61 which completes the business." Nowhere in his communication, or by notation on his check, did appellant state or clearly indicate that appellee's keeping the check or its proceeds, would be on condition of its being accepted as a final settlement between the parties rather than in payment of what appellant was willing to admit he owed appellee. Under the circumstances appellee's indorsement of the check and his retention of the amount for which it was drawn cannot be construed as a binding acceptance by appellee of appellant's claim as to the status of this account. As held by the trial judge, it did not constitute accord and satisfaction between these parties.

Nor, since the defense of accord and satisfaction was not established, was appellee bound to tender return of the check or of its proceeds as a condition precedent to bringing the instant suit. This is a suit in equity for an accounting. If an accord and satisfaction had been established and plaintiff was attempting to rescind it on the ground of fraud or mistake, then he might have been required to tender

back the money received under the accord and satisfaction as a prerequisite to bringing suit. But that is not the case we have here. Instead no accord and satisfaction was established, and hence restoration of the check or its proceeds by appellee to appellant was not requisite.

The decree entered in the circuit court is affirmed, with costs to appellee.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.