■ JB WENDOVER, LLC, Appellant, v ELIZABETH S. KIRK, Respondent. [767 NYS2d 902]—

In an action, inter alia, to recover for the reasonable use and occupancy of certain premises, the plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated August 9, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff owns certain residential premises in Queens County. For a time, the defendant was a tenant in those premises pursuant to a lease. At the expiration of the lease term, the defendant allegedly remained in the premises as a month-to-month tenant. Eventually, the plaintiff brought an action in Civil Court, Queens County, seeking, inter alia, to recover possession of the premises and unpaid rent. However, it discontinued that action after the defendant surrendered possession of the premises. Thereafter, the plaintiff brought the instant action in Supreme Court, Queens County, to recover, inter alia, unpaid rent for certain months. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff accepted her surrender of possession and withdrew the landlord-tenant action. The Supreme Court granted the defendant's motion. We reverse.

The plaintiff's discontinuance of the Civil Court action against the defendant did not state that it was with prejudice. Thus, that discontinuance was without prejudice (*see* CPLR 3217 [c]), and nothing in the record indicates that the plaintiff agreed to accept possession of the premises as full settlement of the Civil Court action. Therefore, the plaintiff was not precluded from bringing the instant action (*see Herder v Clifford,* 252 NY 141 [1929]; *Brown v Cleveland Trust Co.,* 233 NY 399 [1922]). Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.