# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## OMER v STEEL TECHNOLOGIES, INC

Docket No. 161658. Decided July 21, 2021.

Ahmed Omer filed an action with the Worker's Compensation Board of Magistrates, seeking compensation from Steel Technologies, Inc., and New Hampshire Insurance Company for a work-related lower-back injury. After trial, the magistrate issued an opinion finding that Omer sustained an injury on January 3, 2011, arising out of and in the course of his employment and that he was totally disabled and entitled to weekly wage benefits for a closed period from April 12, 2011 through December 29, 2011. The magistrate found that Omer was a credible witness, that a physical-therapy report noting Omer's back-pain complaint was credible, and that the testimony of Dr. Nabil Suliman, an internal-medicine specialist who testified that Omer was "totally disabled," was credible. The magistrate also found credible the deposition testimony of Barbara Feldman, a vocational-rehabilitation counselor who testified that Omer would not be capable of returning to a job at which he earned his highest wages. Defendants appealed the magistrate's decision to the Michigan Compensation Appellate Commission (the MCAC), contending that the magistrate erred by concluding that Omer had proved he was disabled as a result of a work-related incident and that Omer was totally disabled during the identified period. The MCAC reversed the magistrate's decision, denying Omer's claim for wage-loss benefits on two grounds. First, the MCAC reasoned that the magistrate's finding of total disability was unsupported by competent evidence because it was based solely on a physician's—here, Dr. Suliman's—conclusory declarations of total disability, rather than on a quantification of limitations described through physical restrictions that may lead to wage loss. Second, the MCAC concluded that Omer had failed to meet his burden of establishing that he was entitled to total disability benefits. Omer appealed by leave granted. The Court of Appeals, JANSEN and GLEICHER, JJ. (O'BRIEN, P.J., concurring), reversed the MCAC's opinion and order and remanded for entry of an order in Omer's favor. The Court reasoned that (1) there was no legal basis for the MCAC's legal conclusion that, standing alone, a treating physician cannot provide competent evidence (or a competent opinion) regarding a claimant's disability and (2) the MCAC erred by determining that the evidence underlying the magistrate's decision was incompetent and, in turn, by holding that Omer had failed to establish that he had a "disability" as defined by MCL 418.301(4)(a) of the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*. 332 Mich 120 (2020). Defendants sought leave to appeal in the Supreme Court.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

Under MCL 418.301(4)(a), the term "disability" means a limitation of an employee's wage earning capacity in work suitable to his or her qualifications and training resulting from a personal injury or work-related disease. In light of this definition, establishing a disability requires more than a medical diagnosis or a physician's testimony that the claimant can no longer perform their existing job duties. Even though there are no absolute requirements in proving entitlement to workers' compensation benefits and a claimant may prove entitlement to those benefits using any method the claimant chooses, given the WDCA's definition of "disability"—i.e., the necessity of establishing that there is a limitation of an employee's wage earning capacity in work suitable to his or her qualifications—claimants typically offer additional evidence about employment opportunities and suitability. In this case, Omer offered more than a minimal medical diagnosis to support a finding of disability under MCL 418.301(4)(a); specifically, the magistrate's determination was based on the credible testimony of Omer, Suliman, and Feldman and on supporting medical records establishing how Omer's injuries prevented him from performing the jobs for which he was qualified and trained. Feldman's testimony was significant and credible, and there was competent, material, and substantial evidence to support the magistrate's findings. Accordingly, the Court of Appeals correctly concluded that the MCAC should have affirmed the magistrate's finding of disability for the closed period. In its opinion, the Court of Appeals speculated about whether a magistrate's disability finding could be supported solely on medical testimony; because that speculation was not necessary to its holding, Part IV of the Court of Appeals' opinion was vacated.

Affirmed in part and vacated in part.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED July 21, 2021

S T A T E   O F   M I C H I G A N

SUPREME COURT

AHMED OMER,

        Plaintiff-Appellee,

v

No. 161658

STEEL TECHNOLOGIES, INC.,
and NEW HAMPSHIRE INSURANCE
COMPANY,

        Defendants-Appellants.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

The defendant-employer, Steel Technologies, Inc., asks this Court to consider whether a medical professional's conclusory declaration of a claimant's total disability, without more, can provide competent, material, and substantial evidence of "disability," as defined by the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*. We decline to do so because under the facts of this case, it is unnecessary to reach that issue.

We instead vacate Part IV of the Court of Appeals' opinion discussing the issue,[1] but we affirm its result: the magistrate relied on competent, material, and substantial evidence to find that the plaintiff-claimant, Ahmed Omer, had established a disability and was entitled to wage-loss benefits.

The WDCA defines the term "disability" as a "limitation of an employee's wage earning capacity in work suitable to his or her qualifications and training resulting from a personal injury or work-related disease." MCL 418.301(4)(a). Establishing a disability, then, requires more than a medical diagnosis or a physician's testimony that the claimant can no longer perform their existing job duties. See *Stokes v Chrysler LLC*, 481 Mich 266, 281; 750 NW2d 129 (2008). Though "there are no absolute requirements, and a claimant may choose whatever method he sees fit to prove an entitlement to workers' compensation benefits," *id*. at 282, the statutory definition of "disability"—i.e., the requirement of establishing that there is a "limitation of an employee's wage earning capacity in work suitable to his or her qualifications and training"[2]—explains why claimants typically offer additional evidence about employment opportunities and suitability. And, contrary to the findings of the Michigan Compensation Appellate Commission (MCAC),[3] that is precisely what the claimant did in this case. The claimant offered more than a mere medical diagnosis to support a finding of a compensable disability.

---

[1] *Omer v Steel Technologies, Inc*, 332 Mich App 120, 135-142; 955 NW2d 575 (2021).

[2] MCL 418.301(4)(a).

[3] The MCAC has been replaced, in part, by the Workers' Disability Compensation Appeals Commission. Executive Reorganization Order No. 2019-13.

The claimant suffered a workplace lower-back injury in January 2011. He aggravated the injury at work two months later and did not work from April 4, 2011 until January 2012. After a trial that featured testimony from the claimant, vocational experts, and various doctors, the magistrate ruled in the claimant's favor. He concluded that the injury arose out of and was in the course of employment, that the claimant was totally disabled, and that he was entitled to weekly wage benefits from April 12 through December 29, 2011. The magistrate cited, among other evidence: (1) a statement from the deposition testimony of the claimant's doctor, Dr. Nabil Suliman, asserting that the claimant was unable to perform his work and was "totally disabled," and (2) disability slips from the claimant's chiropractor, Dr. Mohamed Saleh, indicating that the claimant was unable to work.

On appeal, the MCAC seized on the magistrate's reliance on Dr. Suliman's testimony and Dr. Saleh's disability slips to reverse the wage-loss benefit award. "[W]here a magistrate's finding of total disability is based upon [a] physician['s] conclusory declarations of total disability, rather than quantification of limitations, described through physical restrictions, which may lead to wage loss, that finding is unsupported by competent evidence." *Omer v Steel Technologies, Inc*, 2018 Mich ACO 15, p 6. But the magistrate's determination was based on more than the conclusory declarations of medical professionals. Indeed, the magistrate's opinion expressly relied on the credible testimonies of the claimant, Dr. Suliman, vocational expert Barbara Feldman, and medical records that spoke to how the claimant's injury prevented him from performing all the jobs within his qualifications and training.

3

We find the deposition testimony of the claimant's vocational expert particularly significant. The MCAC downplayed the significance of this testimony, noting that Feldman admitted that she did not perform a labor-market survey. But Feldman also testified that the restrictions medical professionals placed on the claimant meant he was capable of performing only sedentary work. Given that restriction, she opined that the claimant would not be capable of returning to a job at which he earned his highest wages, and she "was not able to find a job that pays his maximum pre-injury rate of pay." Indeed, Feldman's testimony traced, step-by-step, the multifactor test required to establish disability that this Court laid out in *Stokes*. *Stokes*, 481 Mich at 281-284. The magistrate deemed this expert's testimony credible, and we won't second-guess that credibility determination. The claimant's own testimony, in which he stated that he did not think he could perform *any* job, because of the severity of pain, further supported the magistrate's total-disability finding. There is competent, material, and substantial evidence to support the magistrate's findings.[4]

The Court of Appeals' speculation about whether a magistrate's disability finding could be based exclusively on medical testimony was not necessary to its holding. Because this case does not present that question, we vacate Part IV of the Court of Appeals' opinion, though we agree with its ultimate result: the claimant's evidence—which included medical testimony, medical records, and testimony from a vocational expert and the claimant

---

[4] See *Omer*, 332 Mich App at 133 (explaining that the MCAC must consider as conclusive the findings of fact made by a workers' compensation magistrate as long as those facts are supported by competent, material, and substantial evidence on the whole record).

himself—satisfied the substantial-and-competent-evidence requirement and should have been affirmed by the MCAC.

Affirmed in part and vacated in part.

Bridget M. McCormack
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch