SHAW v. UNITED MOTORS PRODUCTS CO.

1. ACCORD AND SATISFACTION—ACCEPTANCE OF CONDITIONAL TENDER. If a tender by a debtor is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by him, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained, for there can be no severance of the condition from acceptance.

2. SAME. Where a debtor, on receipt of a statement, sent a check for a less amount than shown by the statement, stating that it was in full and final payment of the account, and the creditor cashed the check, there was an accord and satisfaction, notwithstanding he notified the debtor that he had received the amount of the check and credited it on the account, but that he did not accept it in full satisfaction of the claim.

Case-made from Kent; Brown (William B.), J. Submitted April 8, 1927. (Docket No. 67.) Decided June 6, 1927.

Assumpsit by Asa J. Shaw and Harry T. Shaw, doing business as Shaw Bros., against the United Motors Products Company for rent and for goods sold and delivered. Judgment for plaintiffs. Defendant appeals. Reversed, and judgment ordered for defendant.

*J. Claude Youdan,* for appellant.

*Knappen, Uhl & Bryant* (*Yerkes, Simons & Goddard,* of counsel), for appellees.

WIEST, J. The question here presented, by case-

---

[1]Accord and Satisfaction, 1 C. J. § 84; 20 L. R. A. 800; 11 L. R. A. (N. S.) 1018; 1 R. C. L. 194; 1 R. C. L. Supp. 60; 5 R. C. L. Supp. 7; 6 R. C. L. Supp. 8; [2]Id., 1 C. J. §§ 84, 85; 34 A. L. R. 1058; 1 R. C. L. 197; 1 R. C. L. Supp. 61; 6 R. C. L. Supp. 8.

made, is determined by the law of accord and satisfaction. Plaintiffs claimed defendant owed them $1,762.50, and, by letter and statement of account, asked payment. Defendant replied by letter with check for $412.50, stating in the letter: "The amount herein, $412.50, is in full, in final payment of our account with you." Plaintiffs, through attorneys, replied that plaintiffs had received in cash the sum of $412.50 and credited it to defendant's account, but it was not accepted in full satisfaction of plaintiff's claim, and demanded satisfactory settlement. Defendant, by attorney, asked for the return of the money if the condition of the tender was not accepted. The correspondence ended with the following letter from plaintiffs' attorneys:

"Replying to your letter of September 16th in reference to the claim of A. J. Shaw *vs.* United Motors Products Company, it may be understood that you insist that the cash payment of $412.50 referred to is full payment of the claim of Mr. Shaw. As previously stated, however, Mr. Shaw refuses to discharge his entire claim for that sum and we have advised him that he is at liberty to credit the same to the account and sue for the balance due him."

Plaintiffs then brought this suit to recover the balance of their claim. Under plea defendant gave notice of an accord and satisfaction. The trial judge found the claim was unliquidated; that there was no evidence of acceptance by plaintiffs of any sum in full settlement of the claim, but, on the contrary, a credit merely on defendant's account, with notice thereof and a demand for the balance, and entered judgment for plaintiffs. It is evident the circuit judge applied the rule relative to acceptance under an agreement and not an acceptance of a condition. The governing rule in the case at bar is based upon the condition accompanying the tender and consequent acceptance of the condition in retaining the money. This required

no previous agreement, but rests upon a dispute as to the amount due. The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained; for there can be no severance of the condition from acceptance and it avails the creditor nothing to protest and notify the debtor that the amount tendered is credited on the claim and not accepted in full satisfaction. The case at bar is ruled by *Hoey v. Ross,* 189 Mich. 193.

In 1 C. J. p. 561, it is stated:

"Nevertheless it is elementary law that a debtor has a right to attach to a tender such lawful condition as he pleases. And therefore where a sum of money is tendered in satisfaction of the claim, and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction, in the absence of fraud, imposition, or mistake. And this is so wholly irrespective of the grounds upon which defendant declines to pay, and proposes to deny his liability for, the balance. The acceptance is an assent *de facto* and the creditor is bound by it. Nor is it necessary that there be express words of assent to the proposition. On the contrary the rule applies with full force and effect, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary."

In 1 R. C. L. pp. 194, 195, the rule is stated:

"Of course there must be an acceptance by the creditor of the money offered in full discharge of the claim.   This acceptance, however, may be implied as well as express.   Thus if the debtor tenders the amount he claims to be due, but upon the condition that it be accepted in discharge of the whole demand, and it is accepted, there is an accord and satisfaction on the principle that one accepting a conditional tender assents to the condition.   And the fact that the creditor protests against accepting the tender in full payment will not prevent the transaction from constituting a good accord and satisfaction when the debtor still insists that it must be accepted in full payment or not at all."

See, also, *Canton Union Coal Co.* v. *Parlin & Orendorff Co.*, 215 Ill. 244 (74 N. E. 143, 106 Am. St. Rep. 162) ; *Frazier* v. *Ray*, 29 N. M. 121 (219 Pac. 492). We refrain from further citation of authority.

The judgment is reversed and the case remanded to the circuit, with direction to enter judgment for defendant.   Defendant will recover costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.