DEUCHES v. GRAND RAPIDS BRASS CO.

1. EVIDENCE—DESTRUCTION OF DOCUMENTARY EVIDENCE—PRESUMPTIONS.

An unfavorable presumption arises against one who destroys documentary evidence.

2. ACCORD AND SATISFACTION—EVIDENCE—DIRECTED VERDICT.

In an action for the breach of a contract of employment, where the defense was accord and satisfaction, a verdict was properly directed for defendant, on a showing that the final check paid plaintiff contained an indorsement "In full settlement of all services and claims," or words to that effect, the exact wording being uncertain because plaintiff had erased it from the check before cashing it.

3. SAME—PRIOR AGREEMENT NOT NECESSARY.

To effectuate accord and satisfaction, a prior agreement is not necessary.

4. SAME—BONA FIDE DISPUTE AS TO AMOUNT DUE—ERASURE OF INDORSEMENT ON CHECK FUTILE.

Where plaintiff claimed a certain amount due him on the theory that he was to be paid an agreed compensation per week whether he worked full time or not, and refused to accept checks tendered him in accordance with defendant's claim that he was to be paid at the stated rate for the time he worked, there was a *bona fide* dispute as to the amount due, and plaintiff's acceptance of a check indorsed "In full settlement of all services and claims," accomplished an accord and satisfaction, and plaintiff's erasure of the indorsement, without defendant's knowledge or consent, avails him nothing.

Error to Kent; Dunham (Major L.), J. Submitted April 5, 1927. (Docket No. 21.) Decided October 3, 1927.

Assumpsit by Joseph Deuches against the Grand

¹Evidence, 22 C. J. § 50; ²Accord and Satisfaction, 1 C. J. §§ 148, 157 (Anno); ³Id., 1 C. J. §§ 13, 84; ⁴Id., 1 C. J. §§ 85, 88; 14 L. R. A. (N. S.) 443; 27 L. R. A. (N. S.) 439; 34 A. L. R. 1036; 1 R. C. L. 196; 1 R. C. L. Supp. 60; 4 R. C. L. Supp. 10; 6 R. C. L. Supp. 8.

Rapids Brass Company for breach of a contract of employment.  .  Judgment for defendant on a directed verdict.    Plaintiff brings error.    Affirmed.

*Martin H. Carmody,* for appellant.

*Travis, Merrick, Warner & Johnson,* for appellee.

This action was brought to recover damages for the breach of a contract of employment.    As the case was disposed of, and as we conclude properly disposed of, on the defense of accord and satisfaction, we shall only state such facts as may be necessary to an understanding of that question.    Plaintiff had signed a paper in which it was stated that he was to be paid *at the rate* of $65 a week.    Whether there was a valid written agreement we need not decide.    He claims to have had a verbal contract to work for that figure per week. Business became slack and he did not put in full time. He was tendered a pay check at the rate fixed but declined to accept it, claiming he was entitled to full pay whether he worked full time or not.    Seven checks in all were drawn payable to him for the time he actually worked but were not accepted by him; they were kept in its safe by the company.    Before the expiration of a full week's work plaintiff was discharged.    He went to the office of the company, and, after discussion between him and an agent of the company, the details of which are disputed, he was given the checks already drawn and an additional check for $244.40, upon the back of which appeared the words "In full settlement of all services and claims," or this in substance.    He took the checks to the bank, where, without reading the indorsement on the check, as he claims, he so effectually obliterated it that it can not now be read.    He testifies:

"*Q.* Why did you rub it out?
"*A.* Didn't look good to me.    I didn't think it had any business to be anything there.    It didn't look

good to me, so I rubbed it out.    I seen the words, I
don't remember; I couldn't read them, I wouldn't know
a half an hour later what those words read.    I couldn't
say.    I didn't pay much attention to them.    I worked
on this until you couldn't read it.    I didn't tell any-
body I did this."

After obliterating the indorsement he cashed the
checks and some time later brought suit.

FELLOWS, J. (*after stating the facts*).    Plaintiff's
counsel insists that the language used in the indorse-
ment is not established beyond dispute.    Plaintiff
did not read it and does not undertake to testify on
the subject.  · Having destroyed the documentary evi-
dence an unfavorable presumption arose against him.
*Pitcher* v. *Rogers' Estate,* 199 Mich. 114.    The wit-
nesses who testified on the subject were of course
obliged to speak from memory and, while they did not
at all times use the precise words quoted above in
giving their testimony, the substance of the indorse-
ment is established beyond question.    Nor can it be
questioned that there was a *bona fide* dispute.    The
company had in its possession a writing which, whether
it possessed the elements of a binding contract or not,
fixed the wage at the rate of $65 a week and pursuant
to it defendant tendered him payment for the time
actually put in.    He, insisting that he was to receive
$65 a week whether he put in full time or not, declined
to accept the payments tendered.    He had been dis-
charged, and, if the contract of employment was as
claimed by him, it was breached when he accepted the
checks.    It is idle to claim there was not a *bona fide*
dispute.

Upon the main question the case is controlled by
*Shaw* v. *United Motors Products Co.,* 239 Mich. 194,
handed down since this case was submitted.    It was
there pointed out by Mr. Justice WIEST, who wrote
for the court, that to effectuate accord and satisfaction

a prior agreement is not necessary.   It was there said:

"It is evident the circuit judge applied the rule relative to acceptance under an agreement and not an acceptance of a condition.   The governing rule in the case at bar is based upon the condition accompanying the tender and consequent acceptance of the condition in retaining the money.   This required no previous agreement, but rests upon a dispute as to the amount due."

Nor does it avail plaintiff that, after accepting and before cashing the check, he, without the knowledge or consent of defendant, obliterated from it the statement of the conditions upon which it was given.   In the case of *In re Cunningham's Estate*, 311 Ill. 311, 315 (142 N. E. 740), it was said:

"The fact that the words 'in full' are erased from the check or receipt by the creditor does not affect the question whether the proffer and acceptance of the check constitute an accord and satisfaction, where the erasure is without the knowledge or authority of the debtor."

See, also, *Hull* v. *Johnson & Co.*, 22 R. I. 66 (46 Atl. 182) ; *Beck Electric Construction Co.* v. *Contracting Co.*, 143 Minn. 190 (173 N. W. 413) ; *Ryan* v. *Publishing Co.*, 16 Ga. App. 83 (84 S. E. 834) ; 1 C. J. p. 564.

The judgment will be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.