BOARD OF COUNTY ROAD COMMISSIONERS v. MIDLAND CONTRACTING CO.

Accord and Satisfaction—Acceptance of Check Reciting Balance of Account.
    Where road construction contractor sent board of county road commissioners check reciting that it was to balance account, and check was accepted, indorsed, and cashed, there was accord and satisfaction settling dispute in regard to mutual mistake in contract in unit price of material used, although there was no prior agreement to that effect; no fraud being charged or suit instituted to reform instrument on ground of mutual mistake.

Error to Midland; Gillespie (Glenn C.), J., presiding. Submitted April 5, 1929. (Docket No. 75, Calendar No. 34,132.) Decided June 3, 1929.

Assumpsit by the Board of County Road Commissioners of Midland County against the Midland Contracting Company, for overpayment on a contract. From a judgment for plaintiff, defendant brings error. Reversed and no new trial granted.

*Chester E. Morris* and *Gilbert A. Currie,* for plaintiff.

*Virgil McClintic* and *O. L. Smith,* for defendant.

In the latter part of 1920, plaintiff entered into four contracts with defendant for the construction of roads under the Covert act (1 Comp. Laws 1915, §§ 4671–4745) in Midland county. One of these contracts was for the construction of assessment district road No. 15, and was provocative of this lawsuit. The contract was prepared by plaintiff. The quantity appears in one column, the unit prices in another, the total in a third. In this contract the unit price for creosoted plank was $1.20 a foot. Defendant completed its contracts, and on March 1, 1922, the plaintiff gave defendant seven notes aggregating $34,500, being the balance due on all the contracts after deducting payments already made. The amount was figured by plaintiff and included the creosoted plank at the unit price named. About two weeks after giving the notes plaintiff concluded that the price on the creosoted plank was too high and the insertion of the unit price of $1.20 a foot was due to a mistake. There was discussion with defendant's officers, who insisted the company had a counterclaim for extras on others of the jobs, and expressed willingness to come to a settlement of all differences. A settlement was not arrived at. At the October, 1923, meeting of the board of super-

visors, the matter was also aired and discussed by that body. Finally, on December 24, 1924, defendant sent plaintiff a check which appears in the record as Exhibit 3, and, as read into the record, is as follows:

"Check of Midland Contracting Company, Midland, Michigan.
No. 7036. To Peoples State Savings Bank. 74–326.
Pay to the order of Midland Board of County Road Commissioners, $95.44, ninety-five and 44/100 dollars. The date, 12–23–24. Descriptions: To balance accounts. Amount $95.44. Midland Contracting Company, signed, C. G. Olmsted, treasurer. In the left hand of it countersigned, K. McKay. On the back is indorsed, Henry W. Harrison, county treasurer, and the perforation, Paid 1–3–25."

It was indorsed and cashed by the county. Thereafter and from time to time payments were made on the notes given defendant, and renewals for the balance were given until the entire amount was fully paid. After these notes had all been paid, after Mr. Olmsted, one of defendant's active officers, had died, after defendant's counterclaim (as held by the court on plaintiff's objection) had outlawed, and about 30 days before plaintiff's claim had outlawed, this suit was instituted to recover the amount paid for the creosoted plank above a unit price of 12 cents per foot, upon the theory that such amount was paid under a mistake. Both parties and the trial judge treated the case as one of law, and a judgment for plaintiff for the amount claimed is before us on this writ of error.

FELLOWS, J. (*after stating the facts*). There is one question regarded by the trial judge as extremely close, which disposes of the case finally, and

we will consider only that question. When the plaintiff accepted, indorsed, and cashed defendant's check with the condition therein stated, there was an accord and satisfaction, and the differences between the parties were then and there settled. No fraud is charged, and we have not before us an equitable proceeding to reform an instrument on the ground of mutual mistake. In *Stone* v. *Steil,* 230 Mich. 249, Mr. Justice Sharpe fully considered this question with citation of numerous of our holdings. We there held parol testimony was not admissible, and that a complete settlement of the transactions between the parties had been reached. To the same effect is *Shaw* v. *United Motors Products Co.,* 239 Mich. 194, followed in *Deuches* v. *Grand Rapids Brass Co.,* 240 Mich. 266. In the two later cases we held that an accord and satisfaction was effected in both cases, although there had been no prior agreement to that effect. See, also, *Kern Brewing Co.* v. *Royal Ins. Co.,* 127 Mich. 39; *Feily* v. *Bay View Camp Grounds Ass'n,* 210 Mich. 197; *Churchill* v. *Cummings,* 51 Mich. 446; *Advertiser & Tribune Co.* v. *Detroit,* 43 Mich. 116; *McArthur* v. *Luce,* 43 Mich. 435 (38 Am. Rep. 204); *University of Michigan* v. *Rose,* 45 Mich. 284; *Board of Supervisors* v. *Vincent,* 65 Mich. 503; *National Bank* v. *Township of Ironwood,* 239 Mich. 369.

The judgment will be reversed without a new trial.

North, C. J., and Fead, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.