EISENBERG v. C. F. BATTENFELD OIL CO.

1. ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT—PAYMENT.

Where there is dispute of amount due, acceptance of check received in full payment constitutes settlement and satisfaction of debt.

2. FRAUDS, STATUTE OF—MODIFYING WRITTEN LEASE BY ORAL AGREEMENT.

Oral agreement modifying written lease by reducing monthly rental was valid, notwithstanding 3 Comp. Laws 1915, § 11975, where followed by acceptance of monthly checks in full payment of rent at reduced amount.

Error to Wayne; Reid (Neil E.), J., presiding. Submitted June 5, 1930. (Docket No. 30, Calendar No. 34,679.) Decided October 3, 1930.

Assumpsit by Samuel Eisenberg against C. F. Battenfeld Oil Company, a Michigan corporation, and others for rent due under a lease. From judgment for defendants, plaintiff brings error. Affirmed.

*Louis Rosenzweig*, for plaintiff.
*Welsh, Bebout, Hill & Lee*, for defendants.

POTTER, J. Plaintiff sued defendants to recover a balance due for rent of an oil station leased on written lease for 10 years at $200 a month. Defendants are assignees of the original lease. There was judgment for defendants, and plaintiff brings error.

As to necessity for consideration for oral agreement between landlord and tenant changing terms as to rent, see annotation in L. R. A. 1915B, 66.

As to whether acceptance of remittance by check purporting to be "in full" or accompanied by indication of debtor's intention that it be so regarded, is accord and satisfaction, see annotation in 34 A. L. R. 1035.

Defendants claim the premises leased proved unsatisfactory and unprofitable; they were about to surrender the lease, to prevent which, after negotiations, it was verbally agreed between plaintiff and defendants the monthly rental was to be reduced to $150 a month, and they thereafter, during the time for which the rent is in dispute, paid plaintiff by check $150 a month, which checks were in full for each month's rent. Plaintiff erased the indorsement ''payment in full'' from the checks, cashed the same, and credited the proceeds thereof to defendants' account and brought suit for the disputed $50 a month, which he claims to be due under the lease. The trial court found:

''The premises proved unsatisfactory and the condition of the premises as to accessibility and use as an oil station was made the subject of negotiations, or caused negotiations to occur between Mr. Battenfeld, representing the defendants, and Mr. Eisenberg; in July, 1928, a new arrangement was agreed upon between them; Mr. Eisenberg desired a surrender of the lease and Mr. Battenfeld complained of the amount of rent; and it was agreed the rent should be $150 a month; that the lease should be treated as canceled, and a month arrangement substituted at the rate of $150 per month. I find this to be established by a preponderance of the evidence.''

The court further found that defendants paid plaintiff its checks at the rate of $150 a month; that most of the checks contained a recital indicating they were tendered as payment of a month's rent in full; that these indorsements on the back of the checks plaintiff erased or caused to be erased, and then cashed the checks. The trial court concluded as a matter of law, the receipt and cashing of these

checks by plaintiff, under the circumstances, amounted to a waiver of any right on his part to insist upon the payment of a larger sum.

Plaintiff relies upon section 11975, 3 Comp. Laws 1915, which prohibits the surrender of a lease in writing for a greater period than one year, except by deed or conveyance in writing subscribed by the party surrendering the same. This statute has been frequently before this court. *Abell* v. *Munson*, 18 Mich. 306 (100 Am. Dec. 165) ; *Pontiac Nursery Co.* v. *Miller*, 236 Mich. 511.

Defendants' position is not that the lease should now be modified by parol, but that it was modified by a parol agreement between the parties; that the parol agreement was carried out and performed by defendants; that plaintiff received the checks of defendants, delivered to him in accordance with that agreement, cashed the same and received the proceeds thereof, and, having made, recognized, carried out, and performed the verbal contract modifying the written lease, cannot now be heard to deny such verbal contract or repudiate its binding force and effect. It is well settled in this State that where there is a dispute of the amount due from one person to the other, the acceptance of a check received in full payment constitutes a settlement and satisfaction of the debt. *Houghton* v. *Ross*, 54 Mich. 335; *Pratt* v. *Castle*, 91 Mich. 484; *Tanner* v. *Merrill*, 108 Mich. 58 (31 L. R. A. 171, 62 Am. St. Rep. 687) ; *Golden* v. *Bartlett Illuminating Co.*, 114 Mich. 625; *Kern Brewing Co.* v. *Insurance Co.*, 127 Mich. 39.; *Wheeler* v. *Baker*, 132 Mich. 507; *Goldsmith* v. *Lichtenberg*, 139 Mich. 163; *Hoey* v. *Ross*, 189 Mich. 193.

"After an occupation of rented premises has begun and continued for a year and upwards, under a

lease in writing for a ten-year term, and the tenant's covenant to pay the stipulated rent has been broken, an oral agreement between the landlord and tenant to abrogate the provision fixing the amount of rent payable, and substitute a new agreement reducing the amount of rent payable, where the tenant continues in possession and pays the reduced rent, is valid, the continuing tenancy being a sufficient consideration for the new contract. *Hyman* v. *Jockey Club Wine, Liquor & Cigar Co.,* 9 Colo. App. 299 (48 Pac. 671).'' L. R. A. 1915 B, 66, note.

''An oral agreement between landlord and tenant reducing the rent payable by the terms of a lease in writing under seal, while invalid and void so long as it remains executory, is valid and binding when followed by the regular payment and acceptance of the reduced amount in full. *Snow* v. *Griesheimer,* 220 Ill. 106 (77 N. E. 110).'' L. R. A. 1915 B, 66, note.

''It has been held that anything amounting to a satisfaction of a claim for a certain amount of money forecloses the question of the consideration for the agreement. Thus, the acceptance by a landlord of an amount less than that due for rent, as satisfaction of his claim, binds him. *Murphy* v. *Little,* 69 Vt. 261 (37 Atl. 968).'' 43 A. L. R. 1468, note.

Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.