PUFFER v. STATE MUTUAL RODDED FIRE INSURANCE CO.
OF MICHIGAN.

1. INSURANCE—DECREASE OF AMOUNT—NOTICE—CONSTRUCTION OF
POLICY.
Where insurance policy gave insurer right to decrease or cancel
policy on giving insured 10 days' notice, attempt by insurer
to decrease amount of insurance was properly held not effec-
tive, where said 10 days' notice was not given, and it is im-
material whether said decrease be called cancellation or sus-
pension.

2. COMPROMISE AND SETTLEMENT—FRAUD—RESCISSION—OPTIONAL
REMEDIES.
Where settlement is induced by fraud, defrauded party has op-
tion of remedies at law, (1) to rescind contract of settle-
ment, pay or tender back money received, and sue on original
contract, or (2) retain money received and sue for damages
for fraud.

3. SAME—INSURANCE—RELEASE.
Where insurer claimed that amount of insurance had been de-
creased, and tendered check in payment of loss in accordance
with its claim, and insured did not rely thereon, but claimed
that policy was in force for original amount, his acceptance of
check tendered, resulting in settlement of claim, cannot be
said to have been brought about by fraud, although amount
of insurance had not been legally decreased.

4. SAME—AGREEMENT OF SETTLEMENT SEPARATE FROM INDORSEMENT
ON CHECK UNNECESSARY.
Where check is tendered in settlement of claim, failure of parties
to make verbal agreement of settlement, apart from indorse-
ment on check, is not of consequence.

5. ACCORD AND SATISFACTION—ACCEPTANCE AND RETENTION OF CON-
DITIONAL TENDER.
If tender is in full satisfaction of unliquidated claim, amount
of which is in good faith disputed by debtor, and creditor is
fully informed of condition accompanying acceptance, accord
and satisfaction is accomplished if money so tendered is ac-
cepted and retained, for there can be no severance of condi-
tion from acceptance, and it avails creditor nothing to protest
and notify debtor that amount tendered is credited on claim
and not accepted in full satisfaction.

Appeal from Kalkaska; Lamb (Fred S.), J. Submitted June 17, 1932. (Docket No. 55, Calendar No. 36,558.) Decided September 16, 1932.

Assumpsit by George W. Puffer against State Mutual Rodded Fire Insurance Company of Michigan on a fire insurance policy. Judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*Henry Miltner,* for plaintiff.

*Kinnane & Leibrand,* for defendant.

Fead, J. November 29, 1929, defendant issued to plaintiff a policy insuring his residence against fire for $1,600 and the contents for $1,000. The building had an old shingle roof, and, because of it, defendant, on November 14, 1930, assumed to reduce the amount of insurance, under a clause in the policy giving the secretary power to "cancel" or "suspend" the policy or any part of it, and wrote plaintiff:

"Therefore, until this house is reroofed, it will be necessary for us to decrease the insurance on your dwelling house and contents to one-half the amount which you are now carrying."

The letter, which was received by plaintiff November 19th, also stated that the secretary was mailing indorsement to be attached to the policy, showing the amount of insurance. The fire was November 21st. The indorsement was not mailed by defendant until the afternoon of November 21st, after the fire. The indorsement "decreased" the amount of the policy unconditionally, without limit of time, and made no provision for reinstatement on reroofing, either automatically or on application.

Defendant sent an adjuster, to whom plaintiff made the claim that the insurance was in force for

the original amount, but who refused to permit execution of proofs of loss for more than the reduced sum. Proofs of loss were made November 25th, and, on December 7th, plaintiff wrote defendant, contending that the insurance in force at the time of the fire was the original amount, as the policy required 10 days' notice of cancellation, and, on December 11th, defendant replied to the effect that, while cancellation of the whole policy required 10 days' notice, reduction took effect immediately on giving notice to the assured. Defendant contends the "decrease" was a "suspension" rather than a "cancellation" of part of the policy.

In the policy, cancellation and suspension in whole or in part are treated in the same section, and we think the circuit judge gave it a proper construction in holding that defendant's contention was untenable, and that the decrease, whether it be called cancellation or suspension, was not effective for failure of 10 days' notice to plaintiff. However, the language of the section and other provisions of the policy afford sufficient basis for argument upon the construction that it cannot be said defendant did not make its contention in good faith. Its counsel still vigorously contends for the same construction.

On December 12th defendant mailed plaintiff a check for the reduced amount "in full" for the loss, on the back of which appeared the words:

"This draft in full payment of loss of Dwl. House & Cont. & Furn. Per. on 11-21-30.

"Insured under Policy No. 41263 and we hereby jointly and severally release the State Mutual Rodded Fire Insurance Co. of Mich. from any and all claim therefor.        Geo. W. Puffer."

Plaintiff retained the check two or three days and then cashed it. Thereafter, plaintiff's attorney and defendant had correspondence, in which payment of

the balance of the original sum was demanded and refused, the parties maintaining and stating their positions as to the validity of the decrease, and plaintiff's attorney further claiming that the receipt was induced by fraudulent representations of defendant that the decrease was valid. Without tendering back what he had received, plaintiff brought this suit on the policy to recover the balance of the policy sum, and had judgment.

The question is whether plaintiff may ignore his release and sue in contract without tender back of the amount received hereunder.

Plaintiff relies on *Leeson* v. *Anderson,* 99 Mich. 247 (41 Am. St. Rep. 597), and kindred cases, which hold that, where both liability and amount are undisputed, the acceptance of part of the debt in discharge of the whole is not binding, because there is no consideration for release of the unpaid portion. The case is not in point, because liability for part of the claim at bar was in dispute.

In his declaration, plaintiff claims he was defrauded in executing the release by defendant's representations that the amount of insurance had been lawfully decreased. Upon such claim, defendant relies on *Speath* v. *Merchants' Life Insurance Co.,* 245 Mich. 100, in which it was held that, where a settlement is induced by fraud, the defrauded party has the option of remedies at law, (1) to rescind the contract of settlement, by putting or offering to put the other in *status quo* by payment or tender back of money received, and to sue on the original contract, or (2) to retain the money received and sue for damages for the fraud. *Jewett* v. *Petit,* 4 Mich. 508, 513; *Pangborn* v. *Continental Insurance Co.,* 67 Mich. 683. If fraud had been proved, the *Speath Case* would control, because, as the action is on contract, tender of restitution was necessary as a condition of suit.

However, the court did not find, and the testimony did not show, fraud. While defendant made the representations, plaintiff did not claim he relied on them in making settlement. On the contrary, he continuously and consistently contended that the original policy was in force and he cashed the check, after ample time for deliberation, because, "I was glad to get a part of it. It was better than none." If the release was not induced by fraud, the case falls within *Long* v. *Ætna Life Insurance Co., ante,* 206, decided while the appeal was pending, in which it was held that if part of a claim is undisputed and part disputed, acceptance of the undisputed portion in discharge of the whole is binding.

The failure of the parties to make a verbal agreement of settlement, separate from the indorsement on the check, is not of consequence. The rule as stated by Mr. Justice WIEST in *Shaw* v. *United Motors Products Co.,* 239 Mich. 194, 196, is:

"The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained; for there can be no severance of the condition from acceptance, and it avails the creditor nothing to protest and notify the debtor that the amount tendered is credited on the claim and not accepted in full satisfaction."

See, also, *Stone* v. *Steil,* 230 Mich. 249; *Eisenberg* v. *C. F. Battenfeld Oil Co.,* 251 Mich. 654.

Judgment will be reversed, and the cause remanded, with directions to enter judgment for defendant, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.