## LAFFERTY *v.* COLE.

1. ACCORD AND SATISFACTION—CLAIM FOR ADVERTISING SERVICES—UN-
   LIQUIDATED CLAIM.

   A claim for advertising services for a period of a year by party who had prepared copy for advertising fur department which was added to defendant's laundry and dry cleaning business was an unliquidated claim, where there was no definite arrangement made as to what he was to charge for the extra services, as respects availability of defense of accord and satisfaction.

2. SAME—ADMISSION OF VALUE.

   An obligor's admission of the value of an unliquidated claim against him does not effect even a partial liquidation of it so far as defense of accord and satisfaction is concerned.

3. SAME — UNLIQUIDATED CLAIM — ACCEPTANCE OF CONDITIONAL
   TENDER.

   A tender, made in full satisfaction of an unliquidated claim the amount of which is in good faith disputed by the debtor and the creditor fully informed of the condition accompanying acceptance, accomplishes an accord and satisfaction if the tender is retained, for there can be no severance of the condition from the acceptance.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 6] 1 Am Jur, Accord and Satisfaction §§ 21, 60.
[5] 1 Am Jur, Accord and Satisfaction § 1.

4. PLEADING—ADMISSIONS.

Allegation in plaintiff's declaration that defendant had agreed to pay plaintiff a reasonable sum for advertising services constituted an admission that there was no agreement to pay a definite sum.

5. ACCORD AND SATISFACTION—UNLIQUIDATED CLAIM—ACCEPTANCE OF CONDITIONAL TENDER.

The defense of accord and satisfaction is based upon the principle that the asserted unliquidated claim is satisfied by the acceptance of the conditional tender.

6. SAME—UNLIQUIDATED CLAIM—CONDITIONAL TENDER—ACCEPTANCE —REASONABLENESS OF CLAIM.

Acceptance of defendant's $500 check which had been tendered upon condition that it be accepted in full satisfaction of plaintiff's claim for $2,400 for advertising services for period of a year upon which $200 had theretofore been credited, constituted a discharge of the unliquidated, disputed claim, the reasonableness of the claim not being a matter for consideration.

Appeal from Kent; Souter (Dale), J. Submitted January 8, 1954. (Docket No. 39, Calendar No. 46,-030.) Decided April 5, 1954.

Action by J. W. Lafferty against Herbert W. Cole to collect sums claimed due for advertising services. Judgment for plaintiff. Defendant appeals. Reversed and remanded with instructions to enter judgment for defendant.

*John M. Dunham,* for plaintiff.

*Joseph F. Deeb* and *Earl Waring Dunn,* for defendant.

BUTZEL, C. J. J. W. Lafferty, plaintiff, engaged in the advertising business in the city of Grand Rapids, had periodically over a number of years performed advertising services for the laundry and dry cleaning business of Herbert W. Cole, defendant. Defendant paid all the direct advertising expenses and

plaintiff made a flat monthly charge for his services in the preparation of copy, et cetera.

In the early part of 1947, plaintiff and defendant discussed with Mr. Greenlees, an experienced furrier, the establishing of a fur business in conjunction with defendant's dry cleaning and laundry business. They agreed that it had excellent prospects of success, and immediately thereafter plaintiff instituted an advertising and promotional program to publicize the opening of defendant's new fur department.

In April, 1947, in a statement sent to defendant, plaintiff added an additional $100 for services in connection with the fur department during the month of March, 1947. Defendant paid that bill but the monthly statements thereafter submitted by plaintiff charged only the $100 previously agreed upon as the fee to be paid for the laundry and dry cleaning advertising. During July, 1947, defendant paid plaintiff an additional $100 without having been billed for that amount for the reason, as he testified, that plaintiff's preliminary work had been heavy.

In February, 1948, plaintiff sent to the defendant a statement for services in advertising "Cole's Fur Department." This statement charged $2,400 for the year, March 1, 1947, to March 1, 1948, and credited defendant's account with the two $100 payments, leaving a balance of $2,200. Thereafter plaintiff and defendant engaged in several altercations concerning this statement. Ultimately defendant offered plaintiff a check for $500 with the understanding that the submitted check was in full settlement of the account. Plaintiff refused to accept the check on that condition and the check remained on plaintiff's desk for approximately 3 weeks. After further controversies over the statement and the check, plaintiff deposited the check and credited defendant's account with the amount of the check.

Approximately 5 years later, plaintiff started this action for what he termed the reasonable value of his services, and claimed that $1,700 was due and owing to him. Defendant, during the trial and with the consent of the court, amended his answer and added the affirmative defense of accord and satisfaction. The case was tried before a judge without a jury. He ruled that the defense of accord and satisfaction did not apply and entered a judgment for the plaintiff for $1,700 with interest. The real issue on appeal is whether the trial judge was in error in refusing to allow the defense of accord and satisfaction and in rendering judgment for plaintiff.

At the end of the trial, the trial judge commented upon the fact that defendant testified that when he gave plaintiff the check for $500 he told plaintiff to "take it or leave it." The record leaves no doubt but that plaintiff protested against accepting the $500 check and that he at first tried to return it to defendant. This goes to further corroborate defendant's claim that it was given in full account. Defendant did not accept the return of the check and plaintiff, several weeks later, finally deposited it with the indorsement for deposit only. The judge was very much inclined to enter a judgment for defendant at the end of the testimony, but after plaintiff's attorney filed a brief the judge rendered judgment for plaintiff for $1,700 and interest. The judge also commented upon the fact that plaintiff waited almost 5 years after the transaction occurred before he brought suit but ascribed this to the fact that the parties were friends and there was a natural hesitancy to bring the suit. There might be a different inference from the delay. Suffice it to say that suit was brought within the statutory period.* The difficulty with the judge's opinion is that he cited the

---

* See CL 1948, § 609.13, as amended by PA 1951, No 21 (Stat Ann 1953 Cum Supp § 27.605).—REPORTER.

law applicable either to a judgment or a liquidated claim. This was an unliquidated claim.

Plaintiff testified that when he rendered the $2,400 statement for the first time, defendant said, "I don't say it isn't worth it, but I just don't want to pay it." We quote from 2 Restatement, Contracts, § 420, illustration 2, as follows:

"A owes B an unliquidated claim for the fair value of work performed. B asserts that the value of the work is $150. A denies this but admits that the value is not less than $125. A sends B $100 with a note stating that if not accepted as full payment it must be returned. B keeps the money, but immediately asserts that it is accepted only as partial payment. A's debt is discharged. His admission of the value of the claim does not liquidate it even partially."

Plaintiff further admitted that during the altercations and prior to his depositing the $500 check, defendant said to him, "I will give you this $500 on what you claim, and give you no more. I will pay you no more." It is plain that the $500 check was given to plaintiff in full account and against his remonstrance.

Plaintiff admitted that there was no definite arrangement; that there was nothing said about what he was to charge. He stated that at the end of the first month, which would be the end of March, 1947, and during which he rendered services for the fur business, he rendered a bill for $100 which covered the services from February 20, 1947, the first day of the advertisement of the fur business which appeared in the Grand Rapids newspaper. The bill was paid. In his testimony he stated that it covered only the "first partial" month of the fur business although the statement does not so state. Defendant also paid plaintiff's disbursements for art work and subscriptions to fur trade publications. Plaintiff

claims that defendant asked him to forego monthly bills for the fur department and wait until the end of the first year. Toward the end of that year defendant showed plaintiff the result of the first year's operations and plaintiff challenged its correctness. Plaintiff questioned defendant's charge of $900 for rent for space that belonged to the laundry. Plaintiff then asked why the advertising expenses had not been included. Defendant then said, "Well, make out your statement." Plaintiff did so and thereafter for the first time rendered a statement showing a charge of $2,400 for the year. On it he gave defendant credit for the $100 he had paid in April, 1947, and also for the additional $100 that defendant had paid him during the year and which defendant claimed was given to plaintiff voluntarily in appreciation of his work. At the end of the testimony after summing up the evidence, the judge stated that when defendant received the $2,400 statement and stated that he would not pay it, "the balloon went up."

The doctrine of accord and satisfaction is succinctly explained in *Shaw* v. *United Motors Products Co.,* 239 Mich 194, in which Justice WIEST stated:

"The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained; for there can be no severance of the condition from acceptance and it avails the creditor nothing to protest and notify the debtor that the amount tendered is credited on the claim and not accepted in full satisfaction."

Appellee asserts, in effect, that the facts of the case at bar do not fall within the above rule because, (1) the amount claimed was liquidated, and (2)

there was no good-faith dispute as to the amount of the claim. Appellee virtually admits that the tender of the defendant was conditional, being made on a "take it or leave it" basis.

The testimony and evidence in the case clearly indicate that there was no definite agreement as to the amount plaintiff was to be paid for his services. This was admitted by the plaintiff and constituted a finding of fact by the trial judge. The amount was not liquidated. In addition, plaintiff's declaration alleges that defendant agreed to pay plaintiff a "reasonable sum per month" for advertising services. This allegation is an admission that there was no agreement to pay a definite sum. There is no proof of a subsequent agreement whereby the amount ever was determined or agreed to by defendant. The cases cited by plaintiff are not in point as they involve liquidated claims. *Goldsmith* v. *Lichtenberg,* 139 Mich 163. See, also, *Obremski* v. *Dworzanin,* 322 Mich 285; *Monroe* v. *Bixby,* 330 Mich 353.

Plaintiff further claims that defendant did not dispute the amount of the debt but stated, "I just don't want to pay it." It is clear from the testimony in the case that defendant discussed the first charge of $100 for the month of March, 1947, and at defendant's request there was no further billing until plaintiff submitted the yearly statement to defendant showing a charge of $200 per month. The defendant immediately met with plaintiff and discussed this statement and from that time on continually disputed the plaintiff's right to receive the balance showing in this submitted statement. The finding by the trial judge that the defendant expected and agreed to pay a reasonable amount for the plaintiff's services and at no time contemplated receiving a gratuity does not alter the applicable principle of law. His finding that the amount claimed by the plaintiff was a reasonable amount for the services

rendered does not nullify the defense of accord and satisfaction. That defense is based upon the principle that the asserted unliquidated claim is satisfied by the acceptance of the conditional tender. We need not discuss the reasonableness of the claim for if defendant is correct any claim has been discharged.

The decision in this case is controlled by *Hoey* v. *Ross,* 189 Mich 193; *Shaw* v. *United Motors Products Co., supra; Deuches* v. *Grand Rapids Brass Co.,* 240 Mich 266; *Eisenberg* v. *C. F. Battenfeld Oil Co.,* 251 Mich 654; *Lehaney* v. *New York Life Ins. Co.,* 307 Mich 125. Defendant's tender of the check was conditioned upon the acceptance being in full satisfaction of the unliquidated, disputed claim. See, also, 34 ALR 1035; 75 ALR 905; 2 Restatement, Contracts, § 420.

The recent case of *Puett* v. *Walker,* 332 Mich 117, denying the existence of an accord and satisfaction is not applicable to the case at bar. It was there pointed out that the tender of the check was not a conditional one nor in final settlement of the rights of the parties.

The trial court cited and seemed to rely on *Ginn* v. *W. C. Clark Coal Co.,* 143 Mich 84, as pertinent to the facts of the instant case. This Court in that case held that the defense of accord and satisfaction did not apply. The defendant there had sent a check in full settlement of the account shown in the "attached statement." Defendant had drawn lines through items in the account submitted by the plaintiff; therefore, this Court held that the check sent in full settlement of the account was in satisfaction of the account as adjusted by the defendant, and not in settlement of the original account submitted by the plaintiff. That case is clearly distinguishable from the present case and is not authority for the ruling of the trial court that the defense of accord and satisfaction is inapplicable to the instant case.

The judgment is reversed, with costs to defendant, and the case is remanded to the trial court with instructions to enter judgment for defendant.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.