PEOPLE *v.* LOUIS J. DETTORE CONSTRUCTION COMPANY

ACCORD AND SATISFACTION—UNLIQUIDATED DEBT—CHECK—PAYMENT
IN FULL.

> An entire debt is unliquidated if any part of it is in dispute,
> and therefore tender by one party of an amount less than
> that claimed by the other party, accompanied by the state-
> ment that it represents payment in full, and acceptance by
> the other party by cashing the check, discharges the entire
> debt.

Appeal from Common Pleas Court of Detroit,
Henry J. Szymanski, J. Submitted Division 1 March
4, 1969, at Detroit. (Docket No. 5,516.) Decided
April 22, 1969. Leave to appeal denied July 24, 1969.
See 382 Mich 771.

Complaint by the people of the state of Michigan
for the use and benefit of Johns-Manville Sales Cor-
poration, a foreign corporation, against Louis J.
Dettore Construction Company, a Michigan corpo-
ration, and Travelers Indemnity Company, a Con-
necticut corporation, as surety, to recover money
due on a contract. Judgment for plaintiff. Defend-
ants appeal. Plaintiff cross-appeals. Reversed in
part, and judgment entered for defendants.

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Accord and Satisfaction § 18.

*Milmet & Vecchio,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock (George M. Smrtka,* of counsel), for defendant Travelers Indemnity Company.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Per Curiam. This is an appeal by Travelers from the trial court's denial of its motion for summary judgment and a cross-appeal by plaintiff from a ruling that plaintiff had not sustained its burden of proof in establishing certain alleged debts.

The motion for summary judgment was based on an alleged accord and satisfaction of a claim, the amount of which was disputed by defendant Dettore. The disputed part served as the basis for one of the plaintiff's claims below. Defendant Travelers, as Dettore's surety, paid what they admitted was owing prior to suit by tendering a check which was cashed by plaintiff and bore an inscription to the effect that it was payment in full for the entire claim. That Dettore disputed the claim was uncontroverted. The check also bore the inscription "Your billing on above job less back charges of $2,554 on job." Defendant Travelers informed plaintiff by telephone that the check represented its final offer and if plaintiff did not wish to accept the offer, it should return the check.

The trial court ruled that the payment did not constitute accord and satisfaction as the claim was liquidated to the amount admitted due and paid, and therefore the payment was not consideration for the release of the disputed balance. Instead, Travelers paid only what it thought it had a legal obligation to pay.

It has long been the rule in Michigan that if any part of the claim is in dispute the entire debt is unliquidated, and therefore tender of the lesser sum, accompanied by the statement that it represents payment in full, and acceptance by way of cashing the check, discharges the entire debt. *Tanner* v. *Merrill* (1895), 108 Mich 58; *Hoey* v. *Ross* (1915), 189 Mich 193; *Shaw* v. *United Motors Products Co.* (1927), 239 Mich 194; *Lafferty* v. *Cole* (1954), 339 Mich 223. The facts here constituted an accord and satisfaction. Therefore the trial court should have granted defendants' motion for judgment in their favor.

As concerns plaintiff's cross-appeal, it does not appear that the trial court's findings were clearly erroneous. GCR 1963, 517.1.

Reversed in part, with judgment for the defendants. Costs to defendants.