BELT *v* WOLPIN COMPANY

1. CONTRACTS — MERGER — INTEGRATION — WRITTEN CONTRACT — PRIOR ORAL AGREEMENT.

Oral leasing agreements were properly held to have been wholly merged and integrated into subsequent leasing contracts where the written contracts were clear, unequivocal, and unambiguous and the written agreements appear to have been designed to integrate the prior oral understanding of the parties, because under such circumstances the written contract is conclusively presumed to embrace all that was intended to be included and to be the best possible evidence of the intent and meaning of the parties bound by it.

2. CONTRACTS—DISCHARGE—SIGNED WRITING—BILLS AND NOTES.

A lessor's cashing of a check from a lessee which had above the space for the lessor's indorsement the condition, placed there by the lessee, that payment was in full discharge of any and all obligations under a written lease, constituted a signed writing discharging any claim the lessor might have had for breach of the lease (MCLA 566.1).

3. CONTRACTS—BILLS AND NOTES—CONDITIONS—MODIFYING CLAUSES.

An addition by second parties of a modifying clause cannot alter the legal effect of a settlement provision originally placed upon a check by the drawer.

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 January 12, 1972, at Detroit. (Docket No. 10056.) Decided February 28, 1972. Leave to appeal denied, 388 Mich 786.

Complaint by Marvin Belt against Wolpin Company and Charles Wolpin for breach of an oral

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 260–262, 483.
[2, 3] 11 Am Jur 2d, Bills and Notes § 193.

contract. Partial summary judgment for defendants. Amended complaint alleging breach of a written contract. Partial summary judgment for defendants. Plaintiff appeals. Affirmed.

Marvin Belt, *in propria persona.*

*Shapero, Shapero & Cohn,* for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ .

PER CURIAM. On October 13, 1966, plaintiff brought suit against defendants for breach of an alleged oral leasing agreement. Plaintiff averred that in September 1959, defendants had orally contracted to lease trucking equipment from plaintiff, and that defendants had agreed that the leasing contract was to be permanent in duration, or for at least a ten-year period. Defendants' answer argued that any prior oral agreement between the parties had been wholly merged and integrated into two written leasing contracts executed in October and December of 1959. The trial court granted partial summary judgment for defendants, concluding that any prior oral agreement had been wholly merged into the subsequent written leasing agreements, and such oral contract could not therefore serve as the basis for the law suit.

Plaintiff then added another count to his complaint, alleging defendants' breach of a written leasing agreement. Defendants contended that any liability they might have had to plaintiff was completely discharged by plaintiff's action in indorsing and cashing several checks received from defendants, which bore a condition that the payee by indorsing

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

or cashing them acknowledges full satisfaction of
the obligation of the drawer. The trial judge again
agreed with defendants' contention, and granted
them partial summary judgment. Plaintiff appeals
the decisions of the trial court and brings four alle-
gations of error, only two of which merit our
discussion.

Plaintiff first contends that the trial court erred in
concluding that any prior oral leasing agreement
between the parties had been wholly merged and
integrated into subsequent written leasing agree-
ments, and therefore could not support a legal ac-
tion. An analysis of the written contracts between
the parties reveals that they are clear, unequivocal,
and unambiguous. Each contract contains a provi-
sion limiting its duration to a one-year period. It is
difficult to avoid the conclusion that "[t]he written
[agreements] before us in this appeal [appear] to
have been designed to integrate the prior oral under-
standings of the parties". *Siporin* v *Adler,* 364 Mich
549, 553 (1961). In such a case all previous parol
contracts relating to the same subject matter are
regarded as merged in the written contract, and the
latter is conclusively presumed to embrace all that
was intended to be included and to be the best pos-
sible evidence of the intent and the meaning of the
parties bound by it. *Brachman* v *Wheelock Inc,* 343
Mich 230 (1955). The trial court correctly so held.

Plaintiff secondly challenges the trial court's
award of summary judgment for defendants pursu-
ant to its conclusion that, as a matter of law, any
liability which defendants might have had under a
written leasing agreement had been released and
discharged. The record shows that several checks
which defendants mailed to plaintiff in response to
the latter's rental invoices bore certain conditions at
the time of mailing, but that additional modifying

clauses appeared on these checks when they were returned by defendants' bank after payment. The language on the final check, dated June 26, 1961, is typical and reads as follows:

"In full and final settlement, payment and discharge of any and all claims of every nature and description and whether accrued or contingent to date hereof including any claims under contract terminated May 15, 1961."

After this check had been indorsed and cashed by plaintiff, and was returned by defendants' bank, it contained the additional words "but, it is understood that this payment applies only to truck rental charges". An affidavit filed by plaintiff stated that he did not recall seeing the notations on the checks, and that he had no information or knowledge as to the origin of the additional modifying clauses. The trial judge concluded that defendants had satisfactorily established the fact that they had entered settlement provisions upon the checks, and that plaintiff had not succeeded in raising a factual issue on this point. The trial judge then decided that plaintiff's indorsement and cashing of these checks, bearing the condition therein stated, effectively released defendants from all liability for breach of contract, either under the doctrine of accord and satisfaction, or alternatively, under the theory that the indorsed checks constituted a signed writing discharging defendants' obligations pursuant to MCLA 566.1; MSA 26.978(1).

Our examination of the evidence confirms the correctness of the trial court's decision. The provision appearing on the check of June 26, 1961 clearly discharged any claim plaintiff might have had for breach of a written leasing agreement. We hold that this check, when indorsed and cashed by plaintiff, constituted a signed writing which effectively

discharged defendants' obligations, pursuant to the above cited statute. See *Thal v Detroit Board of Education,* 316 Mich 351 (1946). It is, of course, well known that the subsequent addition by second parties of purported modifying clauses could not alter the legal effect of the settlement provision originally placed upon the checks by defendants. *Deuches v Grand Rapids Brass Co,* 240 Mich 266 (1927). Having concluded that there was a legally sufficient discharge of defendants' obligations, we need not decide whether accord and satisfaction occurred in the instant case.

Affirmed. Costs to appellees.