MELICK v NAUMAN VANDERVOORT, INC.

1. ACCORD AND SATISFACTION—CONSIDERATION—SIGNED WRITING—
    ORAL AGREEMENT—STATUTES.

    Consideration is not necessary where an accord and satisfaction is
    in writing and signed by the party against whom enforcement
    is sought; but where the accord and satisfaction is oral, addi-
    tional consideration is required (MCLA 566.1).

2. ACCORD AND SATISFACTION—CHECKS—ACCEPTANCE—MEETING OF
    THE MINDS—INFERENCES.

    Acceptance of a check received and designated as payment in full
    constitutes settlement and satisfaction of the debt where there
    is a dispute of the amount due; there is no condition that there
    must be a meeting of the minds in fact between the parties in
    order to effect an accord and satisfaction, and a meeting of the
    minds "by implication" can be inferred from the actions of the
    parties to establish the accord and satisfaction.

3. COMPROMISE AND SETTLEMENT—DISPUTES.

    Settlements of disputes are favored by the law.

4. ACCORD AND SATISFACTION—CHECKS—NEGOTIATION—CERTIFICATION
    —ACCEPTANCE—STATUTES.

    Indorsement of checks from a corporation and delivery by parties
    to their attorneys constituted negotiation of the checks, and the
    attorneys by having the checks certified discharged the corpora-
    tion from liability for the amounts thereof and effectively
    transferred the funds from the corporation; these actions of the
    parties constituted acceptance of an accord and satisfaction
    where the checks were tendered as full and final payment of a
    disputed debt (MCLA 440.3202, 440.3411).

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Accord and Satisfaction §§ 12, 13.
[2] 1 Am Jur 2d, Accord and Satisfaction §§ 4, 11, 33, 44, 48.
[3] 15 Am Jur 2d, Compromise and Settlement §§ 1, 2.
[4] 1 Am Jur 2d, Accord and Satisfaction §§ 8, 17.
[5] 1 Am Jur 2d, Accord and Satisfaction § 24.

5. ACCORD AND SATISFACTION—RESCISSION—RESTORATION OF STATUS
    QUO.
        A party seeking to avoid an accord and satisfaction must tender
        back amounts already paid pursuant to the accord and satisfac-
        tion, thus returning both parties to the status quo, before
        instituting suit.

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted Division 1 May 9, 1974, at Detroit. (Docket
No. 17528.) Decided June 26, 1974. Leave to appeal
applied for.

Complaint by John Melick, Jr., and Cornelius
Phillips, Jr., against Nauman Vandervoort, Inc.,
for damages resulting from the incorrect valuation
of their stock which had been redeemed by defend-
ant corporation. Judgment for plaintiffs. Defend-
ant appeals. Reversed.

*Hartman, Beier, Howlett, McConnell & Googa-
sian* (by *Eric J. McCann*), for plaintiffs.

*Poole, Littell & Sutherland* (by *J. Patrick Mar-
tin*), for defendant.

Before: BASHARA, P. J., and McGREGOR and VAN
VALKENBURG,* JJ.

McGREGOR, J. After a trial on the merits, judg-
ment was entered against the defendant by the
trial court on plaintiffs' action for damages result-
ing from the incorrect valuation of plaintiffs' stock
which had been redeemed by defendant corpora-
tion. Damages were assessed by the trial court in
the amount of $7,720 for plaintiff Melick and
$3,860 for plaintiff Phillips.

An agreement was entered into between plain-

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tiffs and the defendant whereby the defendant corporation would redeem its stock, owned by the plaintiffs, for its book value per share, as determined by acceptable accounting principles. The parties agreed that the redemption value of the stock would be determined as of July 31, 1970. On August 28, 1970, defendant notified the plaintiffs by letters that the book value of their stock, as of July 31, 1970, was 95 cents per share. Included in these letters to the plaintiffs were checks drawn on defendant's account to the order of the plaintiffs for the full amount due and owing on the redemption of their stock, computed at the value of 95 cents per share. On the reverse side of each check, defendant had inscribed the words "Final Payment" and attached to each check was defendant's voucher which stated "Final Payment re purchase Capital Stock". In the accompanying letters, defendant stated that the checks were submitted "in full and final settlement of our agreement".

Neither plaintiff was satisfied with defendant's valuation of their stock and both protested to the defendant. Defendant refused to change its valuation of plaintiffs' stock and plaintiffs commenced this action on October 8, 1970.

However, prior to commencing this action, plaintiffs endorsed their checks to the order of their attorneys, on September 18, 1970, and the checks were presented by the attorneys at defendant's bank and were certified. The checks were not presented for payment at the defendant's bank until January 6, 1971, after the circuit court's order of December 21, 1970, which allowed the transfer of the funds to an interest-bearing account. Plaintiffs testified that the purpose of having the checks certified was to provide security in

the event that the defendant later was unable to pay the amounts of the checks.

During trial, the principal issue between the parties concerned the correct valuation of plaintiffs' stock and the methods used by defendant to arrive at that valuation. The trial court resolved this dispute in favor of plaintiffs, by finding that defendant had wrongfully deducted several items from the corporation assets when it computed the redemption value of plaintiffs' stock. The redemption value of the stock was recomputed, and the trial court entered its award of damages on the basis of the difference between the two valuations. The trial court specifically found that the parties did not intend an accord and satisfaction by the action of the plaintiffs in holding the checks and the certification of the same by their attorneys. The court based this finding on the fact that there had been no agreement between the plaintiffs and the defendant on an accord and satisfaction.

On appeal, the defendant contends that the payee's endorsement and certification of a check which bears the inscription "Final Payment" and which is offered in full and final payment of a disputed indebtedness operates as an accord and satisfaction, absent any intention by the payee to effect an accord in satisfaction of an additional claim.

It should be noted that the defendant does not now dispute any of the trial court's findings of fact. The question before us is purely one of law as to the effect of plaintiffs' endorsements and certifications of their checks, which contained express conditions that they were tendered as final payment of plaintiffs' disputed claims against the defendant.

Further, it is noted that the parties are appar-

ently in agreement that the debt owed by defendant to plaintiffs was unliquidated, because the amount was dependent upon the corporation's assets, and that such amount was subject to interpretation and valuation upon which reasonable minds could differ. This fact is corroborated by the trial court's award of damages to the plaintiffs relative to their claim for damages.

Plaintiffs claim that the total amount due them for their redeemed stock was $21,900. The trial court calculated the value of plaintiffs' stock differently, and awarded damages to the plaintiffs in the amount of $11,580. These varying valuations given to plaintiffs' stock lead inescapably to the conclusion that defendant's debt to the plaintiffs, predicated on the stock's value, was unliquidated because the exact amount of the claim could not be ascertained merely by arithmetic computation. 14 CJS, Claim, p 1186.

Plaintiffs contend that there was no accord and satisfaction because there was no consideration, since the defendant sent checks to the plaintiffs in an amount only equal to what the defendant determined was due to them, citing *Puett v Walker,* 332 Mich 117; 50 NW2d 740 (1952), and hold that defendant was merely doing what it was legally bound to do under the agreement between these parties and that such payment, therefore, could not constitute consideration. Plaintiffs' reliance on *Puett* is misplaced because, there, the claim was not unliquidated.

*Puett, supra,* is further distinguishable on its facts, because there, "the tender of the check was not a conditional one nor in final settlement of the rights of the parties". *Lafferty v Cole,* 339 Mich 223, 230; 63 NW2d 432 (1954). The Court, in *Puett,* did not consider the effect of MCLA 566.1; MSA

26.978(1), which provides that an agreement to change any contract or obligation is not invalid because of the absence of consideration, provided the modification is in writing and signed by the party against whom enforcement is sought.

This statute has been construed to apply to a creditor's cashing of a check from a debtor which had a condition above the space for the creditor's endorsement providing that the payment was in full discharge of any and all obligations. *Belt v Wolpin Co,* 39 Mich App 40, 43–44; 197 NW2d 129 (1972). Thus, where an accord and satisfaction is in writing and signed by the party against whom enforcement is sought, as in the instant case with the checks at issue, no consideration is necessary, albeit where the accord and satisfaction is oral, additional consideration is required. *Green v Millman Bros, Inc,* 7 Mich App 450; 151 NW2d 860 (1967).

Plaintiffs further contend that no accord and satisfaction was accomplished in the instant case, because there was never a meeting of minds between the parties to such effect; that the plaintiffs continually and constantly protested as insufficient the amounts of the checks tendered to them.

The fundamental error of the trial court in this matter was to confuse a meeting of the minds in fact with a meeting of minds in law.

Plaintiffs rely primarily on the decisions in *Puett, supra,* and *Green, supra,* for their proposition that a meeting of the minds of the parties is an essential requisite to a valid accord and satisfaction. This proposition was also relied on by the trial court in its holding that there was no valid accord and satisfaction in the instant case.

The decision in *Puett* is clearly distinguishable because, there, the tender of the check was not in

final settlement of the rights of the parties. *Lafferty, supra.*

The holding in *Green, supra,* is not so easily reconciled. There, this Court recognized the long-established rule in Michigan that a creditor's acceptance of a check with the legend on the reverse side indicating that it was payment in full constitutes an accord and satisfaction. *Hoey v Ross,* 189 Mich 193; 155 NW 375 (1915); *Green, supra,* 459.

It has been held consistently that, where there is a dispute of an amount due, acceptance of a check received and designated as payment in full constitutes settlement and satisfaction of the debt. The additional condition that there be an agreement in fact as to settlement of the debt has never before been attached to the conditional-check-compromise situation. *Puffer v State Mutual Rodded Fire Ins Co,* 259 Mich 698, 702; 244 NW 206 (1932); *Eisenberg v Battenfeld Oil Co,* 251 Mich 654; 232 NW 386 (1930); *Road Commissioners v Midland Contracting Co,* 247 Mich 222, 225; 225 NW 539 (1929); *Deuches v Grand Rapids Brass Co,* 240 Mich 266; 215 NW 392 (1927); *Shaw v United Motors Products Co,* 239 Mich 194, 196; 214 NW 100 (1927); *Hoey, supra,* 197; *Golden v Bartlett Illuminating Co,* 114 Mich 625; 72 NW 622 (1897); accord, *Omscolite Corp v Federal Ins Co,* 374 Mich 344, 348; 132 NW2d 154 (1965).

From the language of this Court, in *Green, supra,* it is conceivable that there was no intention to change the Michigan rule and attach a condition that there must be a meeting of the minds in fact between the parties in order to effect an accord and satisfaction in the context of a retained conditional check tendered in full payment of an unliquidated debt. Thus, this Court specifically recognized the situation where a meeting of the

minds "by implication" could be inferred from the actions of the parties to establish an accord and satisfaction. *Green, supra,* 460. But, in *Green,* there was no evidence presented at trial from which a meeting of minds of the parties could be implied.

The instant case is distinguishable because plaintiffs negotiated their checks and effectively dispossessed defendant of its funds, at a time when the correct amount of defendant's debts to the plaintiffs were in dispute. Since defendant's checks to the plaintiffs were tendered as full and final payment of the disputed debt, the retention of the checks by the plaintiffs, who were fully informed of the condition, constituted a meeting of minds of the parties by implication, because there could be no severance of the condition from their acceptance. *Shaw, supra; Puffer, supra.*

Albeit plaintiffs may not have understood the legal significance of their retention of defendant's checks as effecting an accord and satisfaction, such mistake is not sufficient to set aside the settlement. *Booth Fisheries Co v Circuit Judge,* 170 Mich 611, 616; 135 NW 1063 (1912); accord, *Jackson v Circuit Judge,* 341 Mich 55, 60; 67 NW2d 471 (1954). This is in accordance with the long-established policy that settlements of disputes are favored by the law. *Pratt v Castle,* 91 Mich 484; 52 NW 52 (1892); *Streeter v Michigan Consolidated Gas Co,* 340 Mich 510; 65 NW2d 760 (1954).

In these circumstances, the trial court's finding that because plaintiffs did not understand the legal significance of their holding defendant's checks, there was no accord and satisfaction, is reversible error. There was no misunderstanding or uncertainty in the instant case as to which claims of plaintiffs the checks were intended to satisfy. Com-

pare *Gitre v Kessler Products Co,* 31 Mich App 1; 187 NW2d 257 (1971).

There is no doubt that plaintiffs' endorsement and delivery of their checks to their attorneys constituted negotiation of the same. MCLA 440.3202; MSA 19.3202. Moreover, their attorneys' certification of the checks discharged the defendant from liability for the amounts thereof and effectively transferred the funds from defendant. MCLA 440.3411; MSA 19.3411. Clearly, these actions of the plaintiffs constituted acceptances of their checks. See *Belt v Wolpin Co,* 39 Mich App 40, 43; 197 NW2d 129 (1972).

This Court has explicitly held that one seeking to avoid an accord and satisfaction must tender back amounts already paid pursuant to the accord and satisfaction, thus returning both parties to the status quo, before instituting suit. *Chapman v Ross,* 47 Mich App 201; 209 NW2d 288 (1973). In the instant case, plaintiffs never tendered back to defendant the funds represented by the checks, which had been removed from defendant's account. Plaintiffs are, therefore, precluded from challenging the validity of the accord and satisfaction with defendant.

Judgment of the circuit court for plaintiffs is reversed. Costs to defendant.

All concurred.

Reversed   393 Mich 774 (1974)
trial court's finding of fact not clearly erroneous